## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**BRUCE SCUDDER,**

    **Plaintiff,**

                                        **CASE NO.:**

**vs.**

**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, RESURGENT CAPITAL**
**SERVICES L.P. SOFI LENDING CORP.,**
**LVNV FUNDING, LLC, FINANCIAL RECOVERY**
**SERVICES OF MINNESOTA, INC.**

    **Defendants.**                       **DEMAND FOR JURY TRIAL**
_____/

## COMPLAINT

COMES NOW Plaintiff, BRUCE SCUDDER, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, RESURGENT CAPITAL SERVICES, L.P., SOFI LENDING CORP., LVNV FUNDING, LLC and FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC., and alleges:

## II. INTRODUCTION

1.  Plaintiff has dealt with this fraudulent loan since November 2017. He has disputed it, directly and indirectly, for four years with the Defendants in this action.

2.  Despite numerous affidavits, phone calls, emails, certified letters, and even the Department of Homeland Security being involved, the Defendants ignored his pleas. Therefore, he has had to file this suit.

## I. PARTIES

3.  Plaintiff is a natural person, a resident of Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.  In addition, Plaintiff is a consumer as that term is defined by the FCCPA and the FDCPA.

4.  Defendant EQUIFAX is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

5.  At all times material Defendant EQUIFAX is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports.

Equifax disburses such consumer reports to third parties under contract for monetary compensation.

6.  Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

7.  At all times material Defendant EXPERIAN is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

8.  Defendant Trans Union is a Delaware corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

9.  At all times material Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10. Defendant Resurgent Capital Services L.P. is a Delaware corporation based in Greenville, S.C. and is subject to the jurisdiction of this court.

11. Defendant Resurgent Capital Services, L.P. is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

12. Defendant Resurgent Capital Services, L.P. is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6) and the FCCPA, Fla. Stat. 559.55(7).

13. Defendant SOFI LENDING CORP. is a California corporation based in Cottonwood Heights, UT and is subject to the jurisdiction of this court.

14. Defendant SOFI LENDING CORP. is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

15. Defendant LVNV FUNDING, LLC. is a Delaware corporation based in Las Vegas, NV. and is subject to the jurisdiction of this court.

16. Defendant LVNV FUNDING, LLC. is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

17.   Defendant LVNV FUNDING, LLC. is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6) and the FCCPA, Fla. Stat. 559.55(7).

18.   Defendant FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC. is a corporation based in Edina, MN and is subject to the jurisdiction of this court.

19.   Defendant FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC. is a debt collector as that term is defined in the FDCPA, 15 U.S. Code § 1692a(6) and the FCCPA, Fla. Stat. 559.55(7).

## II. JURISDICTION AND VENUE

20.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* and the FDCPA, 15 U.S.C. § 1692 *et seq.*

21.   Jurisdiction of this court for the state claim under the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. 559.55 *et seq.*, is conferred supplemental jurisdiction pursuant to 28 U.S. Code § 1367(a), as it arose from the same actions by Defendants in this case and is related to Plaintiff's FCRA claims.

22.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

23.    On September 7, 2017, without Plaintiff's knowledge or permission, George Silva took out a loan for $30,000 from SOFI Lending, Corp., signing Bruce Scudder's name. ***See Exhibit A.[1]***

24.    Plaintiff never received any money or benefit from this fraudulent loan.

25.    In November 2017, Plaintiff found out about this fraud and confronted Silva, who admitted to taking out the loans in Scudder's name without his permission. This fraud created the SoFi Account on Plaintiff's credit report.

26.    Following this notice, Plaintiff Scudder began disputing these accounts on his credit report and called the police to write a report.

27.    The Jacksonville Sheriff's Office directed Plaintiff to the U.S. Department of Homeland Security, and specifically, to the U.S. Secret Service Office and Special Agent Robert L. Fultz who helped work on the fraud case.

28.    On or about January 11, 2018, Plaintiff filed a dispute online with Defendant Trans Union, LLC disputing the fraudulent loan account. (Confirmation No. 383608761). ***Exhibit B.***

29.    Upon information and belief, Defendants Experian and Equifax would have copies of disputes from December 2017/January 2018 in their files.

---

1    George Silva also took out two other loans, totaling $25,000 from Discover Financial Services and Sallie Mae in Scudder's name. Both of these were resolved by the respective lenders as fraudulent accounts and removed from his credit report.

30.   Following these disputes, no changes were made to Plaintiff's credit report.

31.   Plaintiff directly disputed with SOFI multiple times over the next year, providing an Identity Theft Affidavit (***Exhibit C, redacted***), identification, and investigation information.

32.   On December 20, 2018, Plaintiff thought this fraudulent account would be removed once and for all from his credit report, and sent Special Agent Fultz a thank you note for his help. The SOFI Account had been closed on his report and he expected it to be removed like the other two fraudulent loans. ***See Exhibit D.***

33.   However, instead of removing the account, on December 21, 2018, SOFI sold it to Defendants LVNV Funding and Resurgent Capital Services. ***See Exhibit E, Notice of Assignment.***

34.   Upon information and belief, both LVNV Funding and Resurgent Capital Services had access to the SOFI Account file which included Plaintiff's previous attempts at demonstrating the account was fraudulent.

35.   Following the assignment from SOFI, Resurgent Capital and LVNV began reporting the same false debt on Plaintiff's credit reports.

36.   In turn, Plaintiff sent Resurgent and LVNV all the same documentation as before – the identity theft affidavit, identification, investigation results, etc.

37.    Over the next two years, from approximately May 2019 through March 2021, Plaintiff sent at least four notarized identity theft affidavits and explanations of the fraud. However, each time, he was met with the same impotent response – that the Defendants "determined that the information provided is insufficient to support the claim." ***Exhibit F, as example.***

38.    Plaintiff expressed his dissent, but the Defendants simply did not care.

39.    During this same time, in 2020, Defendant LVNV Funding sent the fraudulent account to yet another third party debt collector – Defendant Financial Recovery Services of Minnesota, Inc. ***See Exhibit G, Collection Letter.***

40.    On or around December 28, 2020, in response to this debt collector, Plaintiff *again* sent a letter explaining the fraud and his situation. ***See Exhibit H.***

41.    Financial Recovery Services did not accept Plaintiff's proof of fraud and kept collecting.

42.    As of the filing of this action, Defendants Resurgent Capital and LVNV continue to attempt to collect on this debt.

## FURTHER DISPUTES TO THE CREDIT BUREAUS

43.    During this period from 2018 to the present, the fraudulent SOFI Account, and its resultant Resurgent/LVNV Account appeared on all three of Plaintiff's credit reports.

44.    Upon information and belief, prior to Plaintiff's dispute letters in 2021, all Defendants had notice and knowledge of identity theft on Plaintiff's accounts.

45.    On or about March 16, 2021, Plaintiff submitted a dispute letter (hereinafter "First Dispute Letter") via certified mail to Experian, Trans Union, and Equifax disputing the reporting of the fraudulent loan accounts and including the relevant documentation mentioned above. Please see attached a true and correct copy of the "First Dispute Letter" *Exhibit I, redacted.*

46.    After receiving the First Dispute Letter, Experian, Trans Union, Equifax had not removed these accounts.

47.    After receiving the First Dispute Letter, upon information and belief, the bureaus properly contacted the Defendants, but failed to change or remove the accounts.

48.    In the alternative, the Defendant bureaus failed to contact the Defendants LVNV, Resurgent, and SOFI Lending.

49.    After receiving Plaintiff's first dispute letter, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

50.    On or about April 9, 2021, Plaintiff sent a second dispute letter to the Defendant credit bureaus to dispute the same fraudulent loan accounts. *See Exhibit J, redacted.*

51.   After receiving the Second Dispute Letter, Experian and Equifax had not removed these accounts.

52.   Trans Union did remove the accounts on May 7, 2021 in response to the Second Dispute.

53.   After receiving the Second Dispute Letter, upon information and belief, the bureaus properly contacted the Defendants, but Experian and Equifax failed to change or remove the accounts.

54.   In the alternative, the Defendant bureaus Equifax and Experian failed to contact the Defendants LVNV, Resurgent, and/or SOFI Lending.

55.   After receiving Plaintiff's Second Dispute Letter, upon information and belief, Defendants failed to conduct a reasonable investigation of the accounts.

### RESULTS OF DEFENDANTS' FAILURES

56.   As of the date of this Complaint, Defendants Equifax and Experian have continued to improperly report the fraudulent loan under the SOFI Lending and LVNV/Resurgent Accounts.

57.   When Plaintiff disputed the accounts, Defendant Equifax was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

58.    When Plaintiff disputed the accounts, Defendant Experian was required to perform an reinvestigation; however, the Defendant did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

59.    Specifically, when Defendant Experian was sent the First Dispute Letter, it responded with a letter that stated "we are unable to honor your request or a portion of it based on the limited amount of information regarding your dispute" and that Plaintiff needed to indicate the "specific item you are disputing and explain why you believe the information is inaccurate, for example: not mine . . ." *See Exhibit K.* This letter completely disregards Plaintiff's voluminous dispute letter which clearly states the account is not his. This was not only an improper investigation, but insulting to the consumer's intelligence.

60.    When Plaintiff disputed the account, Defendant SOFI was required to perform a reinvestigation; however, Defendant SOFI continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, **for years** in complete disregard to the fraud forms and other information filled out by Plaintiff.

61.    When Plaintiff disputed the account, Defendant LVNV was required to perform a reinvestigation; however, Defendant LVNV continued to report

the erroneous credit information with actual knowledge of errors, in violation of the FCRA, **for years** in complete disregard to the fraud forms and other information filled out by Plaintiff.

62.   When Plaintiff disputed the account, Defendant Resurgent was required to perform a reinvestigation; however, Defendant Resurgent continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA, **for years** in complete disregard to the fraud forms and other information filled out by Plaintiff.

63.   As a result of Defendants' credit reporting of the fraudulent accounts on Plaintiff's credit reports, Plaintiff's credit score was reduced, affecting him in Florida.

64.   Plaintiff retained undersigned counsel for purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

65.   All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

### V. CAUSES OF ACTION

### COUNT I
### CLAIMS AGAINST DEFENDANT EQUIFAX
### FOR VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681 *et seq.*

66.   Plaintiff incorporates Paragraph 1 – 65 above as fully stated herein.

67.    Defendant Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

68.    Defendant Equifax willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other fraudulent account investigations.

69.    Defendant Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

70.    This negligence/willfulness is especially relevant, as the other two fraudulent accounts with Discover Bank and Sallie Mae were properly removed from Plaintiff's report.

71.    Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e (b).

72.    Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

73.    Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

74.    Defendant Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)

(4), especially when it recognized that the other accounts Plaintiff disputed were indeed fraudulent.

75.   In fact, Equifax confirmed the fraudulent accounts as Plaintiff's multiple times with multiple reinvestigations which ignored the information Plaintiff provided in his disputes.

76.   As of the date of filing this Complaint, Equifax is still reporting the accounts as owed by Plaintiff, despite ample opportunity to fix them.

77.   Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

78.   In response to the request for reinvestigation, Defendant Equifax improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

79.   Defendant Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

80.   Defendant Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

81.   Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Equifax is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

82.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EQUIFAX:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)   For such other and further relief as the Court may deem just and proper.

## COUNT II
## CLAIMS AGAINST DEFENDANT EXPERIAN
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

83.   Plaintiff incorporates Paragraph 1 – 65 above as fully stated herein.

84.   Defendant Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

85.   Defendant Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other fraudulent account investigations.

86.   Defendant Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

87.   This negligence/willfulness is especially relevant, as the other two fraudulent accounts with Discover Bank and Sallie Mae were properly removed from Plaintiff's report upon receipt of the *exact same information.*

88.   Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e (b).

89.   Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

90.   Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

91.    Defendant Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a) (4), especially when it recognized that the other accounts Plaintiff disputed were indeed fraudulent.

92.    Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

93.    In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

94.    Defendant Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

95.    As noted above, Experian failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's dispute, and instead demanding the same information, again, despite the Plaintiff's explanations. ***See Exhibits I, J, and K.***

96.    Defendant Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual

damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

97.   Defendant Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Experian is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

98.   Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant EXPERIAN:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and

proper.

## COUNT III
## CLAIMS AGAINST DEFENDANT TRANS UNION
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

99.    Plaintiff incorporates Paragraph 1 – 65 above as fully stated herein.

100.   From January 2018 through May 7, 2021, Trans Union failed to properly

reinvestigate and delete fraudulent account information from Plaintiff's

credit report, directly affecting his credit and causing damages, as well as

denials of credit.

101.   Trans Union received its first dispute, online, on or around January 11, 2018

(Confirmation No. 383608761). It was not until May 7, 2021 that Trans

Union finally fixed the issues. This was after multiple reinvestigations where

account information was changed, but not deleted.

102.   Defendant Trans Union willfully and/or negligently failed to put in place

procedures to properly reinvestigate consumer claims of inaccuracy in credit

reports.

103.   Defendant Trans Union willfully and/or negligently ignored the information

provided to it by Plaintiff and by the results of the other fraudulent account

investigations.

104. Defendant Trans Union willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report.

105. This negligence/willfulness is especially relevant, as the other two fraudulent accounts with Discover Bank and Sallie Mae were properly removed from Plaintiff's report upon receipt of the *exact same information.*

106. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e (b).

107. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

108. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

109. Defendant Trans Union negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4), especially when it recognized that the accounts Plaintiff disputed were indeed fraudulent.

110. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

111. In response to the request for reinvestigation, Defendant Experian improperly verified the trade lines as correct, and refused to remove the

inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

112.  Defendant Trans Union has negligently and/or willfully failed to conduct a proper reinvestigation of the trade lines in violation of the FCRA, 15 U.S.C. §§ 1681i.

113.  Defendant Trans Union's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

114.  Defendant Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant Trans Union is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

115.  Additionally, the court may award punitive damages under 15 U.S.C. § 1681n.  Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TRANS UNION:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)    For such other and further relief as the Court may deem just and proper.

## COUNT IV
## CLAIMS AGAINST DEFENDANT
## SOFI LENDING CORP.
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

116.   Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

117.   Defendant SOFI  has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

118.   Specifically, SOFI violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing

22

to review Plaintiff's prior dispute letters, the fraud report, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

119.   Further, SOFI violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

120.   Following the reinvestigation and dispatch of direct notice to SOFI, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

121.   SOFI's reinvestigation was not conducted in good faith.

122.   SOFI's reinvestigation was not conducted reasonably.

123.   SOFI's reinvestigation was not conducted using all information reasonably available to the Defendant.

124.  SOFI's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

125.  SOFI's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

126.  Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1) (A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

127.  Defendant SOFI had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to a student loan account with Defendant.

128.  Defendant SOFI received **multiple direct disputes** from Plaintiff, including several identity theft affidavits, emails, phone calls, and proof of investigation by the United States Secret Services. Plaintiff could provide every necessary bit of information to SOFI – the same information which removed him from the other two fraudulent accounts.

129.  Defendant SOFI had **received multiple disputes from the bureaus** to find that this account was fraudulent. In light of the fraud report related to the

account and filed police report, Defendant SOFI **still reported the account as accurate.**

130.  Despite having all the information available to it as the other credit bureaus, the Plaintif Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A). And SOFI is **still reporting this information.**

131.  As a result of SOFI's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

132.  SOFI's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

133.  Plaintiff is entitled to recover costs and attorney fees from Defendant SOFI in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

134.  SOFI's actions demonstrate an honest disregard for consumers and consumer law. Plaintiff will move for punitive damages following discovery of relevant information.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against SOFI LENDING CORP.:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report

consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

## COUNT V
## CLAIMS AGAINST DEFENDANT
## LVNV FUNDING
## FOR VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681 *et seq.*

135.    Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

136.    Defendant LVNV has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

137.    Specifically, LVNVviolated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, the fraud report, and its own entire file received from SOFI as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

138.    Further, LVNV violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

139.    Following the reinvestigation and dispatch of direct notice to LVNV, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15

U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers

under 15 U.S.C. § 1681s-2(a)(3).

140.    LVNV's reinvestigation was not conducted in good faith.

141.    LVNV's reinvestigation was not conducted reasonably.

142.    LVNV's reinvestigation was not conducted using all information reasonably

available to the Defendant.

143.    LVNV ignored *at least four direct disputes* from the Plaintiff, several

indrecti disputes via the credit bureaus, and dispute information provided

when the account was transferred from Defendant SOFI.

144.    LVNV's reinvestigation was *per se* deficient by reason of these failures in

its reinvestigation of the trade line on Plaintiff's consumer report in light of

information it already had and multiple disputes with the credit bureaus.

145.    LVNV's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted

willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff

to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. §

1681n.

146.    Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1)

(A) ("A person shall not furnish any information relating to a consumer to

any consumer reporting agency if the person knows or has reasonable cause

to believe that the information is inaccurate").

147.  Defendant LVNV had actual knowledge of the fraud and identity theft claims made by Plaintiff.

148.  Defendant LVNV had **received multiple disputes from the bureaus** to find that this account was fraudulent. In light of the fraud reports related to the account, Defendant LVNV **still reported the account as accurate.**

149.  Despite having all the information available to it as the other credit bureaus, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

150.  As a result of LVNV's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

151.  LVNV has damaged Plaintiff's credit from his original dispute in 2018 through the present date and despite this, still refuses to remove this information.

152.  LVNV has had a history of willful disregard of consumer protection laws and credit reporting laws, as is demonstrated by the voluminous number of cases with LVNV as a Defendant in the PACER filing system.

153.  LVNV's actions and inaction were willful rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by

the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent

entitling Plaintiff to recover actual damages under 15 USC § 1681o.

154. Plaintiff is entitled to recover costs and attorney fees from Defendant LVNV

in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n

and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in

favor of Plaintiff and against LNVV FUNDING, LLC.:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For punitive damages;

e)    For attorney's fees and costs incurred in this action;

f)    For an Order directing that Defendant immediately delete all of the

    inaccurate information from Plaintiff's credit reports and files and

cease reporting

    the inaccurate information to any and all persons and entities to whom

they report

    consumer credit information; and

g)    For such other and further relief as the Court may deem just and

proper.

**COUNT VI**
**CLAIMS AGAINST DEFENDANT**
**RESURGENT CAPITAL SERVICES, L.P.**
**FOR VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681 *et seq.***

155.  Plaintiff incorporates Paragraph 1-65, 143, and 147 above as if fully stated herein.

156.  Defendant Resurgent Capital Services, L.P. is the "master account servicer" for Defendant LVNV's accounts and its name appeared on Plaintiff's credit report in tandem with LVNV on the fraudulent loan account.

157.  Therefore, Resurgent, as either agent or joined corporate entity, shoulders the same failures as LVNV in failing to reinvestigate Plaintiff's disputes both directly and indirectly.

158.  Defendant's reinvestigations demonstrated a lack of understanding of the process considered by the FCRA. To wit – every time Plaintiff sent a direct or indirect dispute, the Defendant Resurgent had the same response, always requesting more information. Resurgent received at least four letters, with enough information to remove multiple other accounts from Plaintiff's report.

159.  Defendant  Resurgent has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

160.   Specifically, Resurgent violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, the fraud report, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

161.   Further, Resurgent violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

162.   Following the reinvestigation and dispatch of direct notice to Resurgent, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

163.   Resurgent's reinvestigation was not conducted in good faith.

164.   Resurgent's reinvestigation was not conducted reasonably.

165.   Resurgent's reinvestigation was not conducted using all information reasonably available to the Defendant.

166.   Resurgent's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus.

167.   Resurgent's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

168.   Defendant has violated and **continues to violate** 15 U.S.C. § 1681s-2(a)(1) (A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

169.   Defendant Resurgent had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to a student loan account with Defendant.

170.   Defendant Resurgent had **received multiple disputes from the bureaus** to find that this account was fraudulent. In light of the fraud report related to the account and filed police report, Defendant SOFI' **still reported the account as accurate.**

171.   Despite having all the information available to it, Defendant **still continued to report inaccurate and harmful information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

172.   As a result of Resurgent's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

173.   Resurgent's actions and inaction were willful rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

174.   Plaintiff is entitled to recover costs and attorney fees from Defendant Resurgent in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Resurgent Capital Services:

a)     For actual damages;

b)     For compensatory damages;

c)     For statutory damages;

d)     For punitive damages;

e)     For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the

inaccurate information from Plaintiff's credit reports and files and

cease reporting

the inaccurate information to any and all persons and entities to whom

they report

consumer credit information; and

g)      For such other and further relief as the Court may deem just and

proper.

**COUNT VII**
**CLAIMS AGAINST DEFENDANT**
**LVNV  FUNDING**
**FOR VIOLATIONS OF THE FDCPA**

175.   Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

176.   This is an action seeking relief for violation of the FDCPA to recover

statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and

attorney's fees and the  costs of this action under 15 U.S.C.A. § 1692k(a)(3).

177.   Plaintiff is a "consumer" and LVNV Funding is a "debt collector," as those

terms are defined by 15 U.S.C. §1692a(3) and (6), respectively.

178.   At all relevant times, Defendant was trying to collect on a "debt" as it is

defined in 15 U.S.C. §1692a(5) -  the fraudulent loan account, originally

from Defendant SOFI Lending.

35

179. Defendant received the loan account in Default on or about December 21, 2018.

180. Between December 21, 2018 and the present, Defendant LVNV received multiple letters, identity theft affidavits, phone calls, and disputes demonstrating that the account it received from SOFI Lending was fraudulent.

181. Defendant's response to all of this was to send multiple collectors after Plaintiff, as well as attempt collection through its agent Defendant Resurgent as recently as May 18, 2021. *See Exhibit L.*

182. The collection letters and billing statements sent by Defendant are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

183. In continuing to collect on a debt it had ample notice was fraudulent, Defendant violated the following sections of the FDCPA:

a.   15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");

b.   15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

184. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed.  Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the

improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For such other and further relief as the Court may deem just and proper.

## COUNT VIII
## CLAIMS AGAINST DEFENDANT
## RESURGENT FOR VIOLATIONS OF THE FDCPA

185. Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

186. This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

187. Plaintiff is a "consumer" and Resurgent is a "debt collector," as those terms are defined by 15 U.S.C. §1692a(3) and (6), respectively.

188.  At all relevant times, Defendant was trying to collect on a "debt" as it is defined in 15 U.S.C. §1692a(5) -  the fraudulent loan account, originally from Defendant SOFI Lending.

189.  Defendant received the loan account in Default on or about December 21, 2018.

190.  Between December 21, 2018 and the present, Defendants LVNV and Resurgent received multiple letters, identity theft affidavits, phone calls, and disputes demonstrating that the account it received from SOFI Lending was fraudulent.

191.  Defendant's response to all of this was to send multiple collectors after Plaintiff, as well as attempt collection as recently as May 18, 2021. ***See Exhibit L.***

192.  The collection letters and billing statements sent by Defendant are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

193.  In continuing to collect on a debt it had ample notice was fraudulent, Defendant violated the following sections of the FDCPA:

a.    15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");

b.    15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

194.   As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed.  Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For such other and further relief as the Court may deem just and proper.

**COUNT IX**
**CLAIMS AGAINST DEFENDANT**
**FINANCIAL RECOVERY SERVICES**
**FOR VIOLATIONS OF THE FDCPA**

195.   Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

196.   This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

197. Plaintiff is a "consumer" and Financial Recovery Services is a "debt collector," as those terms are defined by 15 U.S.C. §1692a(3) and (6), respectively.

198. At all relevant times, Defendant was trying to collect on a "debt" as it is defined in 15 U.S.C. §1692a(5) - the fraudulent loan account, originally from Defendant SOFI Lending.

199. Defendant received the loan account for collection from Defendants LVNV and Resurgent some time in 2019.

200. Upon information and belief, Plaintiff sent Defendant certified letters with the information that the account it was trying collect was fraudulent, along with information already available to Defendant from LVNV and Resurgent.

201. Despite having clear proof the account was fraudulent, Defendant continued to send debt collection letters, including one on December 22, 2020. ***See Exhibit G.***

202. The collection letters sent by Defendant are "communications" as that term is defined by 15 U.S.C. § 1692a(2).

203. In continuing to collect on a debt it had ample notice was fraudulent, Defendant violated the following sections of the FDCPA:

a.    15 U.S.C. § 1692e(2)(A) ("false representation of the legal status of a debt");

b.     15 U.S.C. § 1692e (A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

204.   As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed.  Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

      **WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a)     For actual damages;
b)     For compensatory damages;
c)     For statutory damages;
d)     For punitive damages;
e)     For attorney's fees and costs incurred in this action;
f)     For such other and further relief as the Court may deem just and proper.

## COUNT X
## <u>CLAIMS AGAINST DEFENDANT</u>
## <u>LVNV  FUNDING</u>
## <u>FOR VIOLATIONS OF THE FCCPA</u>

205.   Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

206.   At all times material, Plaintiff was a consumer as defined by Fla. Stat. 559.55(8) and Defendant was a "person" as that term is used in Fla. Stat. 559.72.

207.  At all times material, Defendant LVNV was attempting to collect on a consumer debt as defined in Fla. Stat. 559.55(6). All relevant actions, specifically collection letters, sent by LVNV or its agents were debt collection "communications" as defined by Fla. Stat. 559.55(2).

208.  After receiving proof the account it had was fraudulent, LVNV continued to send collection letters and billing statements to Plaintiff in an attempt to collect the debt, thereby violating the Florida Consumer Collections Practices Act, 559.72(9) ("Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.").

209.  Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

210.  Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

211.  As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

212.  Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

a) for an award of actual damages pursuant to Section 559.77 against Defendant and for  Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against  Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d) for such other relief as this Court deems just and proper.

**COUNT XI**
**CLAIMS AGAINST DEFENDANT**
**RESURGENT FOR VIOLATIONS OF THE FCCPA**

213.  Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

214. At all times material, Plaintiff was a consumer as defined by Fla. Stat. 559.55(8) and Defendant was a "person" as that term is used in Fla. Stat. 559.72.

215. At all times material, Defendant Resurgent was attempting to collect on a consumer debt as defined in Fla. Stat. 559.55(6). All relevant actions, specifically collection letters, sent by Resurgent or its agents were debt collection "communications" as defined by Fla. Stat. 559.55(2).

216. After receiving proof the account it had was fraudulent,Resurgent continued to send collection letters and billing statements to Plaintiff in an attempt to collect the debt, thereby violating the Florida Consumer Collections Practices Act, 559.72(9) ("Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.").

217. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

218. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other

negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

219.   As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

220.   Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

a) for an award of actual damages pursuant to Section 559.77 against Defendant and for  Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against  Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d) for such other relief as this Court deems just and proper.

**COUNT XII**
**CLAIMS AGAINST DEFENDANT**
**FINANCIAL RECOVERY SERVICES**
**FOR VIOLATIONS OF THE FCCPA**

221.   Plaintiff incorporates Paragraph 1-65 above as if fully stated herein.

222. At all times material, Plaintiff was a consumer as defined by Fla. Stat. 559.55(8) and Defendant was a "person" as that term is used in Fla. Stat. 559.72.

223. At all times material, Defendant Financial Recovery Services was attempting to collect on a consumer debt as defined in Fla. Stat. 559.55(6). All relevant actions, specifically collection letters, sent by Defendant or its agents were debt collection "communications" as defined by Fla. Stat. 559.55(2).

224. After receiving proof the account it had was fraudulent, Financial Resorvery Services continued to send collection letters and billing statements to Plaintiff in an attempt to collect the debt, thereby violating the Florida Consumer Collections Practices Act, 559.72(9) ("Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.").

225. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

226. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional

distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

227. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

228. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

a) for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d) for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.

Respectfully submitted this 28th day of July, 2021.

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff