UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,

    Plaintiff,

v.                                                               CASE NO. 3:21-cv-741-TJC-JBT

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

    Defendants.
_____/

**ORDER**

    **THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Natasha Velasquez's Testimony ("Motion") (Doc. 74), Defendant Sofi Lending Corp.'s Memorandum of Law in Opposition to Plaintiff's Motion to Compel Deposition of Natasha Velasquez ("Defendant's Response") (Doc. 76), and Plaintiff's Reply in Support of Motion to Compel Natasha Velasquez's Testimony ("Reply") (Doc. 90). For the reasons set forth herein, the Motion is due to be **DENIED**.

    In the Motion, Plaintiff asks the Court to reopen/continue the deposition of Ms. Velasquez so Plaintiff can find out which documents Defendant's attorney selected for Ms. Velasquez to review prior to the deposition. The documents themselves have already been produced. It is only the selection process that is at issue. The Motion is due to be denied for two separate reasons. First, the attorney's document selection process is arguably attorney work product. Second,

Plaintiff has not shown that reopening Ms. Velasquez's deposition is proportional to the needs of the case.

Defendant's attorney has provided an affidavit in support of Defendant's position, which states in relevant part:

> 7. I showed Ms. Velasquez three documents in our August 10 meeting, all of which were previously exchanged between the parties, including Plaintiff, during discovery.
>
> 8. Specifically, upon receipt of the 30(b)(1) Notice, I spent approximately four hours reviewing the discovery produced in this litigation. Based on my mental impressions regarding the claims and defenses in this action and in line with the legal strategy I developed for this case, I spent an additional approximately two hours culling a very small subset of documents, relying on my professional judgment and privileged trial strategy, to show Ms. Velasquez.

(Doc. 76-1 at 4.)

Both Plaintiff and Defendant have cited non-binding case law in support of their respective positions regarding the document selection process and whether or not it is protected work product. The Court finds the cases cited by Defendant more persuasive and applicable in the situation presented herein. As shown by the affidavit of Defendant's attorney, that attorney spent a considerable amount of time culling through documents and showed Ms. Velasquez just three documents. Plaintiff gives no explanation why he could not have identified for himself which documents to question Ms. Velasquez on. In short, there appears to be no reason to reopen Ms. Velasquez's deposition other than for Plaintiff to gain the benefit of

Defendant's attorney's preparation for the deposition, something Plaintiff's attorneys could have done themselves.

Moreover, Plaintiff has not shown that reopening the deposition is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff deposed Ms. Velasquez for over an hour and questioned her in detail regarding at least one document. (*See* Doc. 92-7.) The deposition was taken just four days before the twice-extended discovery deadline. Plaintiff does not identify any critical information needed, but merely seeks another chance to depose Ms. Velasquez, this time with the benefit of the document selection process engaged in by opposing counsel. The Court sees no adequate justification for reopening Ms. Velasquez's deposition for this purpose at this late date. *See Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (denying a motion to compel discovery where the moving party failed to meet her burden of demonstrating the information's relevance and proportionality to the needs of the case, and factoring in the late filing of the motion).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 74**) is **DENIED**.[1]

---

[1] Plaintiff's position was substantially justified and thus the Court will not award expenses. *See* Fed. R. Civ. P. 37(a)(5)(B).

3

**DONE AND ORDERED** in Jacksonville, Florida, on October 20, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record