UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,

    Plaintiff,

v.                                CASE NO. 3:21-cv-741-TJC-JBT

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

    Defendants.
_____/

## MEMORANDUM ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Testimony of Resurgent's Kimberly Hurley and to Compel Unredacted Documentation Relied on in Testimony ("Motion") (Doc. 73) and Plaintiff's Unopposed Motion for Leave to File Reply to Defendant[s] Resurgent Capital Services, L.P. and LVNV Funding, LLC's Response to Motion to Compel ("Reply Motion") (Doc. 83). The Court has also considered Defendants' Response. (Doc. 77.) For the reasons set forth herein, the Motions are due to be **DENIED**.

First, the Court notes that it struck Plaintiff's previous motion to reopen Ms. Hurley's deposition (Doc. 63) primarily because it did not contain a memorandum of law, and gave Plaintiff fourteen days to file an adequate motion. (*See* Doc. 67.) Although the Motion now contains a boilerplate memorandum of law, which appears to be identical to Plaintiff's memorandum of law in a different motion (*see*

Doc. 74), the argument section of the Motion, which is less than two pages, makes no reference to the memorandum or any specific authority or principles of law. Rather, it contains unfocused arguments that essentially invite the Court to review a draft transcript of Ms. Hurley's deposition and determine for itself what the deficiencies are. It is not the Court's responsibility to parse a draft, or even a final, deposition transcript and make a litigant's arguments for him.[1]

In short, Plaintiff has not carried his burden of showing that the reopening of Ms. Hurley's deposition is proportional to the needs of the case. *See Benz v. Crowley Logistics, Inc.*, No. 3:15-cv-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (denying a motion to compel discovery where the moving party failed to meet her burden of demonstrating the information's relevance and proportionality to the needs of the case, and factoring in the late filing of the motion). Moreover, the relief Plaintiff seeks, to "compel further testimony" and to order Defendants "to produce unredacted the account notes," is unclear. (Doc. 73 at 9.) Plaintiff does not specify what "further testimony" he seeks or identify what "account notes" he wants. (*Id.*) At bottom, it appears that, like the prior motion that was stricken, the current Motion is a last minute, hurried attempt that places an undue burden on the Court to decipher the relevant issues and the relief requested.[2]

---

[1] Plaintiff eventually filed the final transcript. (Doc. 82.)

[2] Ms. Hurley's deposition was taken on August 12, 2022. (*See* Doc. 73-1.) The Motion was not filed until 11:48 p.m. on August 31, 2022, twelve minutes shy of the

Finally, the Court will not allow Plaintiff to get a third bite at the apple by filing a reply. The Reply Motion is unconvincing and boilerplate. Plaintiff has had a more than sufficient opportunity to present his arguments but has not adequately done so. Therefore, the Reply Motion is due to be denied as well.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 73**) is **DENIED**.[3]

2. The Reply Motion (**Doc. 83**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on October 20, 2022.

/s/ Joel B. Toomey
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

deadline imposed by the Court. (*See* Doc. 67.) Similarly, Plaintiff's prior motion (Doc. 63), which was stricken, was filed at 11:28 p.m. on August 15, 2022, the discovery deadline date, which the Court had already extended twice. (Docs. 40, 43 & 49.)

[3]The Court will not award expenses to Defendants because the Court is relying more on the inadequacy of the Motion than the persuasiveness of Defendants' Response. Therefore, an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5).