# UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| BRUCE SCUDDER, <br><br>                          Plaintiff, <br><br>       v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, SOFI LENDING CORP., LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES L.P., and FINANCIAL RECOVERY SERVICES OF MINNESOTA, INC., <br><br>                       Defendants. | Civil Action No. 3:21-cv-00741-TJC-JBT |

## DEFENDANT SOFI LENDING CORP.'S OMNIBUS PRE-TRIAL MOTION IN LIMINE WITH MEMORANDUM OF LAW

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARD............................................................................................ 2

III.  ARGUMENT ....................................................................................................... 3

    A.    Plaintiff Should Be Precluded From Offering Any Evidence Of Disputes
          Other Than The 2021 Indirect Disputes.................................................... 3

        1.    Plaintiff should be precluded from offering any evidence of his
             2018 direct disputes with SoFi.................................................... 3

        2.    Plaintiff should be precluded from offering any evidence of his
             January 2018 indirect dispute to Trans Union and SoFi's response
             thereto. .................................................................................... 4

        3.    Plaintiff should be precluded from offering any evidence relating
             to the purported reinsertion of the SoFi Loan on Plaintiff's Equifax
             credit report after the close of discovery in this action. ............... 5

        4.    Plaintiff should be precluded from offering any evidence relating
             to other creditor's conclusions as to Plaintiff's direct disputes
             unrelated to the SoFi Loan. ........................................................ 6

    B.    Plaintiff Should Be Precluded From Offering Any Evidence Of The CFPB
          Circular 2022-07 ...................................................................................... 9

    C.    Plaintiff's Expert Should Be Precluded From Offering Opinion Testimony
          Regarding SoFi's Investigation Of The 2021 Indirect Disputes As Well As
          SoFi's Policies And Procedures As They Relate to Indirect Disputes
          Because Such Testimony Lacks Any Factual Foundation..................................... 10

    D.    Plaintiff Should Be Precluded From Offering Evidence That Was Never
          Disclosed Along With Evidence That Was Untimely Disclosed......................... 14

        1.    Plaintiff should be precluded from offering evidence that was
             never disclosed......................................................................... 15

        2.    Plaintiff should be precluded from offering evidence that was
             disclosed on the eve of the discovery deadline. ......................... 15

    E.    Plaintiff Should Be Precluded From Offering Evidence of Credit Score
          Changes, Credit Harm And Other Speculative Damages of Emotional
          Distress.................................................................................................. 16

F.      Plaintiff Should Be Precluded From Offering Evidence of SoFi's Financial
        Condition.................................................................................................. 19

G.      Plaintiff Should Be Precluded From Offering Evidence Of Prior Lawsuits,
        Complaints, and Remedial Measures.................................................... 22

H.      Any Recovery Returned to Plaintiff Under The FCRA Must Be Limited
        By The One-Satisfaction Rule. ............................................................. 23

IV. CONCLUSION……………………………………………………………….24

    CERTIFICATE OF COMPLIANCE…………………………………………24

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*AMTRAK v. Morgan*,
    536 U.S. 101 (2002)......................................................................................................5

*Bains LLC v. ARCO Products Company*,
    405 F.3d 764 (9th Cir. 2005) ...................................................................................22

*Barwick v. Regions Bank*,
    2024 U.S. Dist. LEXIS 67309, (N.D. Ala. Apr. 12, 2014) .....................................11

*Bauer v. Target Corp.*,
    No. 8:12-CV-00978-AEP, 2013 U.S. Dist. LEXIS 201316 (M.D. Fla. June 19,
    2013) ........................................................................................................................11

*Bielawski v. Davis Roberts Boeller & Rife, P.A.*,
    No. 2:18-cv-758-FTM-29MRM, 2020 U.S. Dist. LEXIS 84189 (M.D. Fla.
    May 13, 2020)..........................................................................................................16

*Blass v. Flagstar Bancorp, Inc.*,
    841 F. Supp. 2d 1280 (S.D. Fla. 2012) ...................................................................10

*Boyd v. Wells Fargo Bank, N.A.*,
    No. 2:15-CV-2, 2016 U.S. Dist. LEXIS 172965 (S.D. Ga. Dec. 14, 2016) .........8, 9

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*,
    517 F.3d 1271 (11th Cir. 2008) ..........................................................................23, 24

*Cahlin v. Gen. Motors Acceptance Corp.*,
    936 F.2d 1151 (11th Cir. 1991) ...............................................................................17

*Couch v. Broward Cnty.*,
    No. 11-62126-CIV, 2012 U.S. Dist. LEXIS 77532 (S.D. Fla. June 5, 2012)..........10

*Cousin v. Trans Union Corp.*,
    246 F.3d 359 (5th Cir. 2001) ...................................................................................19

*Crabill v. Trans Union, LLC*,
    259 F.3d 662 (7th Cir. 2001) ...................................................................................17

*Davis v. Florida Agency for Health Care Admin.*,
    612 F. App'x 983 (11th Cir. 2015) ..........................................................................18

*Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*,
    369 F.3d 1197 (11th Cir. 2004) ................................................................9

*Doe v. Mount Sinai Med. Ctr. of Fla.*,
    No. 05-22490-CIV-GOLD/TUR, 2008 U.S. Dist. LEXIS 142932 (S.D. Fla.
    Feb. 19, 2008) .....................................................................................4, 5

*Dover v. R.J. Reynolds Tobacco Co.*,
    No. 3:09-cv-11531(SAS), 2014 U.S. Dist. LEXIS 133181 (M.D. Fla. Sep. 19,
    2014) ..................................................................................................2

*Eller v. Trans Union, LLC*,
    739 F.3d 467 (10th Cir. 2013) ................................................................4

*Evers v. Equifax, Inc.*,
    650 F.2d 793 (5th Cir. 1981) ................................................................20

*Exxon Shipping Co. v. Baker*,
    554 U.S. 471 (2008) ............................................................................21

*Falin v. Condo. Ass'n of La Mer Estates*,
    No. 11-61903-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 181847 (S.D.
    Fla. June 15, 2012)...............................................................................19

*Ferrarelli v. Federated Fin. Corp. of Am.*,
    253 F.R.D. 432 (S.D. Ohio)...................................................................21

*Graley v. TZ Insurance Solutions, LLC*,
    2016 U.S. Dist. LEXIS 118893, 2016 WL 4595066 (M.D. Fla. Sept. 2, 2016).....................16

*Hangarter v. The Paul Revere Life Ins. Co.*,
    236 F. Supp. 2d 1069 (N.D. Cal. 2002) ................................................20

*Jordan v. Trans Union LLC*,
    No. 1:05 CV 305 GET, 2006 U.S. Dist. LEXIS 38785 (N.D. Ga. June 12,
    2006) ................................................................................................19

*Kaplan v. Regions Bank*,
    No. 8:17-cv-2701-T-36CPT, 2019 U.S. Dist. LEXIS 164195 (M.D. Fla. Sep.
    25, 2019) ........................................................................................9, 10

*Kotchman v. State Farm Mut. Auto. Ins. Co.*,
    No. 8:15-CV-2482-T-30JSS, 2017 U.S. Dist. LEXIS 5832, 2017 WL 164356
    (M.D. Fla. Jan. 17, 2017).....................................................................16

*Lee v. Security Check, LLC*,
    2010 U.S. Dist. LEXIS 82630, 2010 WL 3075673 (M.D. Fla. Aug. 5, 2010) ........................17

*Lips v. City of Hollywood*,
  350 Fed. App'x 328 (11th Cir. 2009) .................................................................15

*Losch v. Experian Info. Sols., Inc.*,
  No. 2:18-CV-809-JLB-MRM, 2021 U.S. Dist. LEXIS 263329 (M.D. Fla. Dec.
  27, 2021) ...........................................................................................................24

*Luce v. United States*,
  469 U.S. 38 (1984)...............................................................................................2

*Martinez v. Cherry Bekaert, LLP*,
  No. 1:18-cv-25429-GOODMAN, 2021 U.S. Dist. LEXIS 185165 (S.D. Fla.
  Sep. 28, 2021) ...................................................................................................19

*Milgram v. Chase Bank USA, N.A.*,
  72 F.4th 1212 (11th Cir. 2023) ...........................................................................11

*Mitchell v. Ford Motor Co.*,
  318 Fed. App'x 821 (11th Cir. 2009) ..................................................................15

*NAFL Invs., Ltd. v. Van Ness Feldman LLP*,
  No. 2:18-cv-183-FtM-99MRM, 2018 U.S. Dist. LEXIS 94783 (M.D. Fla.
  June 6, 2018).....................................................................................................10

*Nagle v. Experian Info. Sols., Inc.*,
  297 F.3d 1305 (11th Cir. 2002) ..........................................................................17

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996)....................................................................................2

*Pro Video Instruments v. Thor Fiber*,
  No. 6:18-cv-1823-Orl-31LRH, 2019 U.S. Dist. LEXIS 239822 (M.D. Fla.
  Nov. 22, 2019) .............................................................................................15, 16

*Regions Bank v. Kaplan*,
  No. 8:12-CV-1837-T-17MAP, 2016 U.S. Dist. LEXIS 57546 (M.D. Fla. Apr.
  29, 2016) .............................................................................................................2

*Robbins v. CitiMortgage, Inc.*,
  No. 16-CV-04732-LHK, 2017 U.S. Dist. LEXIS 209367 (N.D. Cal. Dec. 20,
  2017) .............................................................................................................17, 18

*Rumbough v. Experian Info. Sols., Inc.*,
  No. 6:12-cv-811-Orl-22DAB, 2014 U.S. Dist. LEXIS 186329 (M.D. Fla. Jan.
  8, 2014)..............................................................................................................17

*Sampson v. Equifax Info. Servs., LLC*,
  No. CV204-187, 2005 U.S. Dist. LEXIS 19240 (S.D. Ga. Aug. 29, 2005) ............18

*Scudder v. SoFi*,
    No. 3:22-cv-01040-TJC-MCR .........................................................................6

*Shahar v. Bowers*,
    120 F.3d 211 (11th Cir. 1997) ...................................................................10

*Shipley v. Equifax Info. Servs., LLC*,
    No. 1:20-cv-04295-JPB, 2022 U.S. Dist. LEXIS 65969 (N.D. Ga. Jan. 25,
    2022) ...........................................................................................................3

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003).............................................................................20, 21

*Story v. Napolitano*,
    771 F. Supp. 2d 1234 (E.D. Wash. 2011) ..................................................5

*Taylor v. Allworth*,
    No. 8:19-cv-1761-KKM-TGW, 2021 U.S. Dist. LEXIS 180429 (M.D. Fla.
    Sep. 22, 2021) .............................................................................................2

*Tracy v. Fla. Atl. Univ. Bd. Of Trs.*,
    980 F.3d 799 (11th Cir. 2020) ....................................................................7

*United States v. Chavez*,
    204 F.3d 1305 (11th Cir. 2000) ................................................................23

*United States v. Falcon*,
    957 F. Supp. 1572 (S.D. Fla. 1997), aff'd, 168 F.3d 505 (11th Cir. 1999) ...........................9

*Westbrook v. Equifax Info. Servs. LLC*,
    No. 8:23-cv-477-MSS-UAM, 2024 U.S. Dist. LEXIS 39721 (M.D. Fla. Mar.
    7, 2024) ...............................................................................................23, 24

*Williams v. Asplundh Tree Expert Co.*,
    No. 3:05-cv-479-J-33MCR, 2006 U.S. Dist. LEXIS 73238 (M.D. Fla. Oct. 6,
    2006) .........................................................................................................23

**Federal Statutes**

15 U.S.C. § 1681 *et seq*................................................................................ *passim*

15 U.S.C. § 1681n.................................................................................20, 21

15 U.S.C. § 1681n(a)(1)(A) ...............................................................................17

15 U.S.C. § 1681o(a)(1).....................................................................................17

15 U.S.C. § 1681p..............................................................................................4, 5

**Rules**

Fed. R. Civ. P. 26(a) ...............................................................................................................6, 15

Fed. R. Civ. P. 37(c)(1) .........................................................................................................15, 17

Fed. R. Evid. 201(b) ....................................................................................................................9

Fed. R. Evid. 401 ..............................................................................................................2, 4, 20

Fed. R. Evid. 401-04 ....................................................................................................................2

Fed. R. Evid. 402 .........................................................................................................................2

Fed. R. Evid. 403 ............................................................................................................... *passim*

Fed. R. Evid. 404 .......................................................................................................................22

Fed. R. Evid. 407 .......................................................................................................................23

Defendant SoFi Lending Corp. ("SoFi"), respectfully submit its Omnibus Pre-Trial Motion in Limine and requests that the Court instruct Plaintiff Bruce Scudder ("Plaintiff") and all of Plaintiff's witnesses to refrain from referencing, mentioning, or otherwise offering evidence based on or derived from certain inadmissible facts or allegations identified herein.

## I.     INTRODUCTION

In September 2017, a personal loan in the amount of $30,000 was obtained from SoFi in Plaintiff's name (the "SoFi Loan"). In March and April 2021, Plaintiff lodged two disputes with the credit reporting agencies ("CRAs") relating to SoFi's reporting of the SoFi Loan under Plaintiff's name (the "Indirect Disputes"). Plaintiff claimed that he did not procure the SoFi Loan. He claimed to be a victim of identity theft. The CRAs notified SoFi of the Indirect Disputes and SoFi provided the results of its investigations to the CRAs. Discovery revealed that Plaintiff believed that his live-in boyfriend, George Reuben Silva ("Silva"), obtained the SoFi Loan through a Limited Power of Attorney Plaintiff executed in favor of Silva. Plaintiff, however, withheld this critical information from SoFi.

Plaintiff's singular claim against SoFi arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, (the "FCRA"). Specifically, Plaintiff alleges SoFi failed to conduct a reasonable investigation of the Indirect Disputes. As this Court previously recognized in its Summary Judgment Order, the sole issue, as it pertains to SoFi, is whether SoFi "conducted reasonable investigations of indirect disputes of the validity of a debt." *See* Dkt. No. 109 at 2. Despite this clear pronouncement, Plaintiff's pre-trial disclosures reveal that Plaintiff intends to introduce evidence and testimony at trial that far exceeds the narrow confines of the Indirect Disputes. For this reason, SoFi moves *in limine* for an Order precluding Plaintiff from offering evidence or testimony regarding certain events that pre and post-date SoFi's investigation of the Indirect Disputes.

SoFi also moves *in limine* for an Order precluding Plaintiff from offering additional evidence and testimony and the grounds for SoFi's motion are set forth in further detail below.

## II.    LEGAL STANDARD

A motion in limine is a motion to exclude or admit 'evidence before the evidence is actually offered.'" *Taylor v. Allworth*, No. 8:19-cv-1761-KKM-TGW, 2021 U.S. Dist. LEXIS 180429, at *2 (M.D. Fla. Sep. 22, 2021) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2016 U.S. Dist. LEXIS 57546, at *3 (M.D. Fla. Apr. 29, 2016). Thus, a motion in limine enables the Court to promote judicial economy and limit wasteful expenditure of the jury's time by ruling on admissibility of evidence prior to trial, "'without lengthy argument at, or interruption of, the trial.'" *Dover v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-11531(SAS), 2014 U.S. Dist. LEXIS 133181, at *6 (M.D. Fla. Sep. 19, 2014) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

The Federal Rules of Evidence govern the admissibility of evidence generally. *See* Fed. R. Evid. 401-04. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is "relevant" if it has "any tendency" to make a "fact [that] is of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, evidence not meeting this standard is irrelevant and inadmissible. Fed. R. Evid. 402. Even if evidence is relevant, however, it "may be excluded if its probative value is outweighed by a danger of . . . unfair prejudice, confusion of the issues, [or] misleading the jury." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 (Comment).

III.    **ARGUMENT**

    A.    **Plaintiff Should Be Precluded From Offering Any Evidence Of Disputes Other
Than The 2021 Indirect Disputes.**

        1.    **Plaintiff should be precluded from offering any evidence of his 2018
direct disputes with SoFi.**

Plaintiff's pre-trial disclosures reveal the Plaintiff intends to present evidence of disputes
he submitted directly to SoFi in 2018 wherein he challenged his obligation to pay the SoFi Loan.
However, such direct disputes, are not relevant to the ultimate issue of whether SoFi performed a
reasonable investigation of the Indirect Disputes it received three years later in 2021. *See, e.g.
Shipley v. Equifax Info. Servs., LLC*, No. 1:20-cv-04295-JPB, 2022 U.S. Dist. LEXIS 65969, at
*15 (N.D. Ga. Jan. 25, 2022) ("Plaintiff's [FCRA] claim is necessarily limited to the investigations
that Defendant conducted in response to the CRA dispute notices.. . whether a jury would find it
reasonable that Defendant refrained from investigating Plaintiff's prior [direct] disputes is not
relevant for adjudicating the instant claim.").  Based on his pre-trial disclosures, Plaintiff intends
to introduce evidence of his 2018 direct disputes, including.  *See* Exhibit 1, Plaintiff's Exhibit
List.

The existence of the 2018 direct disputes and SoFi's responses to them are irrelevant to
Scudder's FCRA claim, *see, e.g. Shipley*, 2022 U.S. Dist. LEXIS 65969, at *15 (noting only
indirect disputes are relevant for plaintiff's FCRA claim), the presentation of which would be
prejudicial to SoFi because it would mislead and confuse the jury regarding SoFi's obligations to
respond to direct disputes under the FCRA.  *See* Fed. R. Evid. 403; *Eller v. Trans Union, LLC*,
739 F.3d 467, 476 (10th Cir. 2013) (affirming exclusion of claimant's direct letters to credit
reporting agency under F.R.E. 403 as irrelevant and cumulative);  *Doe v. Mount Sinai Med. Ctr.
of Fla.*, No. 05-22490-CIV-GOLD/TUR, 2008 U.S. Dist. LEXIS 142932, at *3 (S.D. Fla. Feb. 19,
2008) (excluding evidence of other alleged FCRA violations as unduly prejudicial, and likely to

cause undue delay and confusion).  In the absence of any probative value to the substance of Plaintiff's FCRA claim, evidence of Plaintiff's 2018 direct disputes must be excluded under Fed. R. Evid. 401 and 403.

### 2. Plaintiff should be precluded from offering any evidence of his January 2018 indirect dispute to Trans Union and SoFi's response thereto.

Plaintiff also seeks to introduce similarly irrelevant and prejudicial evidence and testimony regarding a dispute he submitted to Trans Union on January 11, 2018 ("January 2018 Indirect Dispute").  In his Complaint, Scudder identifies his "First Dispute Letter" as a letter he sent by certified mail to Experian, Trans Union, and Equifax on March 16, 2021.  Dkt. No. 1, ¶ 45 and Ex. B.  Per the Complaint, the "Second Dispute Letter" was then sent on April 9, 2021.  *Id.*, ¶ 50 and Ex. J.

Crucially, Scudder has never asserted that SoFi's response to the January 2018 Indirect Dispute violated the FCRA because of the operative statute of limitations.  A violation of the FCRA is subject to a two-year statute of limitations.  15 U.S.C. § 1681p.  Specifically, an action to enforce liability under the FCRA must be brought "not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." *Id.* Scudder filed this action on July 28, 2021, more than two years after SoFi's purported response to the January 2018 Indirect Dispute.  Therefore, any evidence of an alleged violation of the FCRA arising from the January 2018 Dispute would be time-barred by 15 U.S.C. § 1681p and may not form a basis for SoFi to be liable.  *See, e.g., Story v. Napolitano*, 771 F. Supp. 2d 1234, 1246 n. 11 (E.D. Wash. 2011) (holding that prior time-barred acts may not form the basis for liability) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072 (2002)).

Here, the January 2018 Indirect Dispute is irrelevant to Plaintiff's FCRA claim against SoFi.  Plaintiff has never asserted that SoFi's response to the January 2018 Indirect Dispute was

in any way improper or a violation of the FCRA. The January 2018 Indirect dispute has no bearing upon the facts allegedly supporting Plaintiff's FCRA claims, and therefore should be excluded as irrelevant testimony. *See Doe v. Mount Sinai Med. Ctr. of Fla.,* 2008 U.S. Dist. LEXIS at *4 ("Introduction of other alleged violations of the FCRA would be unduly prejudicial, and would result in a series of mini-trials as to whether Mount Sinai violated the FCRA in those other instances. This would cause undue delay and confusion of the issues.").

> 3.    **Plaintiff should be precluded from offering any evidence relating to the purported reinsertion of the SoFi Loan on Plaintiff's Equifax credit report after the close of discovery in this action.**

Pursuant to Plaintiff's pre-trial disclosures, Plaintiff intends to offer into evidence his speculation that SoFi directed Equifax to reinsert the SoFi Loan onto his credit report on August 25, 2022. *See* Exhibit 1, Plaintiff's Exhibit List at No. 13. The parties did not engage in discovery on this claim because the alleged event occurred after the close of discovery in this action. Regardless, the alleged reappearance of the SoFi Loan on Plaintiff's credit report at the end of August 2022, has no bearing on the sole issue in this case as it relates to SoFi, namely, whether SoFi performed a reasonable investigation of the 2021 Direct Disputes. Here, the presentation of SoFi's suspected reinsertion of the SoFi Loan onto Plaintiff's credit report in August 2022, would be prejudicial to SoFi because it would mislead and confuse the jury regarding the sole issue raised by Plaintiff in this action against SoFi. *See* Fed. R. Ev. 403

Recognizing this distinction Plaintiff filed a second lawsuit against SoFi based on his claim that SoFi directed Equifax to reinsert the SoFi Loan onto Plaintiff's credit report On September 23, 2023. *See Scudder v. SoFi*, No. 3:22-cv-01040-TJC-MCR ("*Scudder II*"); *see also* Exhibit 3, Complaint filed in *Scudder II*. The filing of *Scudder II* marked the first time Plaintiff disclosed this Equifax document to SoFi. Plaintiff did not engage in any discovery in *Scudder II*. He did not even serve Rule 26(a) Initial Disclosures. Instead, Plaintiff permitted the case to languish for

nine (9) months before asking SoFi if it would stipulate to the dismissal of *Scudder II*.  *See generally Scudder II*.  Plaintiff filed a stipulation of dismissal on June 22, 2023 and this Court entered an Order dismissing the case on June 27, 2023.  *See Scudder II* at ¶¶ 11; 12.  Having failed to prosecute his purported claim via *Scudder II*, Plaintiff cannot now shoehorn the dismissed claim into this action for the first time at trial.

**4.      Plaintiff should be precluded from offering any evidence relating to other creditor's conclusions as to Plaintiff's direct disputes unrelated to the SoFi Loan.**

At trial, Scudder intends to offer evidence that non-parties, Discover Bank and Sallie Mae, other creditor-furnishers who investigated direct disputes submitted by Scudder relating to other loans, determined to close Scudder's accounts based on their investigations.  *See* Exhibit 1, Plaintiff's Exhibit List at Nos. 12; 23; 40-48; 66-71  *see also* Exhibit 4, Plaintiff's Witness List. The evidence would likely consist of testimony from Plaintiff, Secret Service Agent Robert Fultz, along with correspondence between Plaintiff and these non-parties.  Specifically, Scudder intends to introduce a January 2018 letter from Rebecca Smith of Discover stating that she has "closed your cases for fraud" and "you are not responsible for the loans."  *See* Exhibit 5, Discover letter. Scudder also intends to introduce a March 22, 2018 letter from Sallie Mae stating it had "completed an investigation and, based on the formation currently available to us, we have accepted your allegation that the loan(s) listed below was originated without knowledge or authorization."  *See* Exhibit 6, Sallie Mae Letter.  The Court should exclude all references to other furnisher conclusions as to Scudder's disputes for several reasons.

First, such evidence would confuse the jury and waste court resources.  Pursuant to Fed. R. Ev. 403, the court may exclude otherwise relevant evidence if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.  Here,

the triable issue is whether SoFi conducted a reasonable investigation of Scudder's 2021 Indirect Disputes.  Evidence that different entities conducted unknown investigative steps for direct disputes to reach a different conclusion is irrelevant to the reasonableness of SoFi's investigation, offering no probative value, and would seek only to present the jury with prejudicial and confusing information.

These facts are analogous to the facts before the court in *Tracy v. Fla. Atl. Univ. Bd. Of Trs.*, 980 F.3d 799, 813 (11th Cir. 2020).  In *Tracy*, a former professor brought a wrongful termination action against Florida Atlantic University after he was fired for violating the university's social media policy.  *Id.*  At trial, plaintiff attempted to introduce a faculty senate meeting transcript which included a heated exchange over the same policy.  *Id.*  The Eleventh Circuit Court of Appeals affirmed the trial court's exclusion of the transcript, reasoning the transcript would "focus the jury on the wisdom of the Policy, not on the question before the jury." *Id.*

Here, as in *Tracy*, evidence of the other furnishers' statements would focus the jury on the prudence of the other furnishers' decisions, which is not the question before the jury.  Absent evidence of the nature of the investigations conducted by those other furnishers, their policies and procedures for conducting investigations, or even what information Plaintiff provided them before they reached their conclusions, evidence of their investigative conclusions ***standing alone***, would confuse the jury and be highly prejudicial to SoFi.  *See* F.R.E. 403.  Without such facts in evidence, the actions of non-parties cannot be shown to have any bearing on actions taken by SoFi, especially without SoFi's knowledge.

The prejudice to SoFi if such evidence were admitted is obvious.  Plaintiff would argue that SoFi should have reached the same conclusions as Discover or Sallie Mae, without providing

any additional context or information regarding the facts leading to those conclusions.  This will confuse and mislead the jury to make an analogous conclusion without basis in underlying adjudicative facts.

Second, this evidence should also be excluded as hearsay, because they are out of court statements offered to prove that Discover and Sallie Mae closed Scudder's account "for fraud" or because he was "not responsible for the loans."  Here, Discover's January 22, 2018 email, and Sallie Mae's March 22, 2018 letter, each purport to state not only these furnishers' respective decisions to close Scudder's accounts, but also the purpose or reasoning of those decisions.

These facts are analogous to the facts before the court in *Boyd v. Wells Fargo Bank, N.A.*, No. 2:15-CV-2, 2016 U.S. Dist. LEXIS 172965 at * 10 (S.D. Ga. Dec. 14, 2016).  In *Boyd*, the plaintiff attempted to present evidence in support of his FCRA claims showing that a 25% interest rate offered by Wells Fargo was attributed to Boyd's "very low" credit score.  *Id.* at *10-11.  The court excluded this testimony as hearsay, because it was based on a credit bureau report which was not itself in evidence.  *Id.* at * 11.  Because Boyd could not establish his credit score through a non-hearsay source, he could not offer the purportedly false credit reporting as a reason for a 25% interest rate.  *Id.*

As in *Boyd*, the statements by Discover and Sallie Mae purport to show the reason those furnishers closed Scudder's account.  But, those statements are based on facts concerning the underlying investigation, which are not themselves presented as evidence.  Because Plaintiff cannot establish the reasons for the other furnishers' decisions through a non-hearsay source, he cannot offer Discover's January 22, 2018 email or Sallie Mae's March 22, 2018 letter as evidence his accounts were closed for fraud.

**B.** **Plaintiff Should Be Precluded From Offering Any Evidence Of The CFPB Circular 2022-07**

On November 17, 2022, months after the close of discovery and submission of SoFi's Motion for Summary Judgment [Dkt. No. 79], Plaintiff filed a document entitled "Request for Judicial Notice of an Adjudicative Fact." Dkt. No. 101 ("Supplemental Notice"). The Supplemental Notice requests the Court to take judicial notice under Fed. R. Evid. 201(b) of Consumer Financial Protection Bureau Circular 2022-07 dated November 10, 2022 ("CFPB Circular"). According to Plaintiff the CFPB Circular "focus[es] on whether furnishers of information under the FCRA can require additional steps in disputes (or 'obstacles', as they are called), such as police reports or proprietary identity theft affidavits." In the parties' Joint Pre-Trial Statement, Plaintiff renewed his request for the Court to take judicial notice of this document in the Joint Pre-Trial Statement. *See* Joint Pre-Trial Statement.

An adjudicative fact is a fact that is "relevant to a determination of the claims presented in a case." *Kaplan v. Regions Bank*, No. 8:17-cv-2701-T-36CPT, 2019 U.S. Dist. LEXIS 164195, at *34 (M.D. Fla. Sep. 25, 2019) (quoting *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004)); *see also United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997), aff'd, 168 F.3d 505 (11th Cir. 1999) ("A court may refuse to take judicial notice of facts that are irrelevant to the proceeding."); *NAFL Invs., Ltd. v. Van Ness Feldman LLP*, No. 2:18-cv-183-FtM-99MRM, 2018 U.S. Dist. LEXIS 94783, at *4 (M.D. Fla. June 6, 2018) (denying the defendant's request for the Court to take judicial notice of separate litigation because the documents and materials from that litigation were immaterial to the Court's determination of the instant motion); *Couch v. Broward Cnty.*, No. 11-62126-CIV, 2012 U.S. Dist. LEXIS 77532, at *1 (S.D. Fla. June 5, 2012) (denying the plaintiff's motions for judicial notice because, among other reasons, the facts were irrelevant); *Blass v. Flagstar Bancorp, Inc.*, 841 F. Supp. 2d 1280,

1285 (S.D. Fla. 2012) (denying the defendants' motion for judicial notice because such notice

proved unnecessary for full resolution of the accompanying motion).

The Eleventh Circuit has "cautioned that 'the taking of judicial notice of facts is, as a matter

of evidentiary law, a highly limited process' because 'judicial notice bypasses the safeguards

which are involved with the usual process of proving facts by competent evidence in [the] district

court.'" *Kaplan*, 2019 U.S. Dist. LEXIS 164195 at *24 (quoting *Shahar v. Bowers*, 120 F.3d 211,

214 (11th Cir. 1997)).

Here, the CFBP Circular did not exist at any time during SoFi's investigation of Plaintiff's

2021 Indirect Disputes.  It is impossible that the CFPB Circular or any statements therein could

bear on SoFi's investigation.  Thus, the CFPB Circular is irrelevant to the reasonableness of SoFi's

investigation.  As a result, the Court should not take judicial notice of the CFPB Circular, and must

prevent Plaintiff from offering any evidence of or from the CFPB Circular at trial.

C.    **Plaintiff's Expert Should Be Precluded From Offering Opinion Testimony
      Regarding SoFi's Investigation Of The 2021 Indirect Disputes As Well As
      SoFi's Policies And Procedures As They Relate to Indirect Disputes Because
      Such Testimony Lacks Any Factual Foundation.**

Plaintiff's expert, Evan Hendricks, should be precluded from offering any testimony about

SoFi's investigation of Plaintiff's 2021 Indirect Disputes along with SoFi's policies and

procedures relating to its investigation of indirect disputes during the relevant time period.  Mr.

Hendrick's submitted his expert report *before* there was any evidence of what SoFi's investigation

of Plaintiff's 2021 Indirect Disputes entailed.  Indeed, the opinions expressed in his report are

based solely upon his review of the Complaint and unidentified "bates-stamped documents

produced by Plaintiff, SoFi, Equifax, Experian and Trans Union."  *See* Exhibit 7, Hendrick's

Report at 57.  Recognizing this gaping deficiency, Mr. Hendricks stated that he intended to

"supplement [his] report after reviewing the ***important*** material that has ***not yet been produced***,

including: continuing discovery responses and deposition transcripts." *Id*. Yet, Mr. Hendricks
never supplemented his report. At the time Hendricks issued his report, the only evidence in the
record pertaining to SoFi's investigation of the Plaintiff's 2021 Indirect Disputes were the
Automated Consumer Dispute Verifications ("ACDVS") SoFi received and responded to. A
furnisher's ACDV response does not show what the furnisher did (or did not do) to investigate the
indirect dispute. SoFi's ACDV responses merely shows the results of SoFi's investigations. It is
well-settled that the results of a furnisher's investigation of an indirect dispute has no bearing on
the reasonableness of the underlying investigation performed by the furnisher. *See*, *e.g.*, *Bauer v.
Target Corp.*, No. 8:12-CV-00978-AEP, 2013 U.S. Dist. LEXIS 201316, at *14 (M.D. Fla. June
19, 2013) (An investigation is not unreasonable simply because its result is unfavorable to the
consumer, even if the result of the investigation turns out to be inaccurate.); *Barwick v. Regions
Bank*, 2024 U.S. Dist. LEXIS 67309, (N.D. Ala. Apr. 12, 2014) ("consumers cannot sue directly
for the outcome of an investigation.") (citing *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212,
1218 (11th Cir. 2023)). Accordingly, Mr. Hendrick lacks the factual foundation to render an
opinion on the reasonableness of SoFi's investigation of the 2021 Indirect Disputes and his
testimony regarding the same should be precluded.

Mr. Hendricks likewise lacks the prerequisite factual foundation to opine on the
reasonableness of SoFi's policies and procedures as they relate to performing investigations of
indirect disputes. At the time he issued his report, there was no record of what those policies and
procedures were. SoFi had only produced its policies and procedures relating to its review of
applications for fraud and for responding to *direct* disputes of fraud. As Mr. Hendricks had no
facts about SoFi's policies and procedures for investigating **indirect** disputes, Mr. Hendricks
cannot opine on the reasonableness of SoFi's policies and procedures in this arena. Nor can Mr.

Hendricks offer an opinion on how SoFi's policies and procedures measure against "industry standards". Mr. Hendrick's opinions here are purely speculative because he has no facts about SoFi on which to base such opinions. In light of these incurable deficiencies, Permitting Mr. Hendricks to testify about SoFi would be unfairly prejudicial to SoFi because the jury is likely to be persuaded by "expert" testimony even though Mr. Hendricks lacks personal knowledge about SoFi's investigations of the 2021 Indirect Disputes along with SoFi's policies and procedures relating to investigations of indirect disputes.

To the extent Mr. Hendricks is permitted to testify about SoFi, he should be precluded from offering the following opinions because they are purely speculative. Mr. Hendricks derived these opinions without any information pertaining to SoFi's investigations of the Plaintiff's 2021 Indirect Disputes and without knowledge of any of SoFi's policies and procedures as they relate to the investigation of indirect disputes.

**<u>Proposed Opinion 3:</u>**

- SoFi failed to adequately investigate the false, fraud-related data disputed by Plaintiff.

- SoFi merely compared and matched identifiers like Plaintiff's name and SSN.

**<u>Proposed Opinion 4:</u>**

- SoFi failed to give due regard to the details in Plaintiff's dispute.

- SoFi fail[ed] to conduct an investigation which was reasonably calculated to determine whether the disputed information was inaccurate, incomplete and/or fraudulent.

- SoFi's responses to Plaintiff's disputes were inadequate was because they did not constitute sufficiently detailed or searching inquiries that were reasonably calculated to determine if the information Plaintiff was disputing was in fact inaccurate or incomplete.

- SoFi did not adequately review and/or consider information in [its] possession or that which was readily available to [it].

**Proposed Opinion 5**:

- SoFi failed to give due regard to the detailed information provided by Plaintiff.

- SoFi then failed to examine the plethora of information in its own files, or information that was readily available to it.

**Proposed Opinion 6:**

- SoFi was fixated on obtaining from Plaintiff an unavailable police report

**Proposed Opinion 7:**

- Had SoFi conducted an adequate investigation, and considered all relevant information that was readily available to it, SoFi would have discovered, in its own files and phone recordings that the identity thief was clearly George Reuben Silva who committed the fraud while Plaintiff Bruce Scudder was out of the country.

**Proposed Opinion 9:**

- SoFi conduct[ed] a superficial review and/or comparison of the data it previously furnished from the very internal "system of record" which was the source of the inaccuracies in the first place.

**Proposed Opinion 10:**

- To this day, SoFi's so-called investigation of Plaintiff's case is so defective that SoFi continues to contest that Plaintiff was a victim of identity theft for the SoFi loan debt.

**Proposed Opinion 11:**

- SoFi's failures to adequately investigate Plaintiff's disputes, which resulted in inaccurate, derogatory data remaining in Plaintiff's credit files, reflected not only its serious disregard for established standards of accuracy, and for fairness, and privacy, but also for SoFi's purported policies concerning the same.

Mr. Hendricks should likewise be precluded from offering opinions that are contrary to the record evidence that was developed after he issued his report. Mr. Hendrick's opinion that Plaintiff provided SoFi with notarized documents is plainly disproven by the record evidence developed by the end of discovery. *See* Exhibit 2, SoFi's Am. Responses to Plaintiff's Interrogatories. As such, Mr. Hendricks should be precluded from offering the following opinions:

**Proposed Opinion 6:**

- Plaintiff had provided the same proof via notarized documents.

**Proposed Opinion 8:**

- Moreover, in response to SOFI's demands, Plaintiff provided multiple notarized and certified fraud letters and additional documents.

Lastly, Mr. Hendricks should be precluded from offering any evidence regarding the purported benefit SoFi received by selling the SoFi Loan to its co-defendant. As an initial mater, this opinion is pure speculation, as there are no facts to support the same. Further, SoFi's sale of the SoFi Loan has no bearing on the sole issue before this Court, namely, whether SoFi performed a reasonable investigation of the 2021 Indirect Disputes.

In sum, permitting Mr. Hendricks to present any testimony in this case, even generic testimony on "credit reporting" and the FCRA, is unfairly prejudicial to SoFi because it conveys to the jury that Mr. Hendricks actually reviewed the facts relating to the ultimate issue in this action.

**D.    Plaintiff Should Be Precluded From Offering Evidence That Was Never Disclosed Along With Evidence That Was Untimely Disclosed.**

Pursuant to Fed. R. Civ. P. 37(c)(1), a party who "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff, as the nondisclosing party, has the burden of establishing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). When determining whether a failure was substantially justified or harmless, reviewing courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 Fed. App'x 328, 340 (11th Cir. 2009) (citation omitted).

Failure to disclose a witness "is harmless where there is no substantial prejudice to the party entitled to receive the notice." *Pro Video Instruments v. Thor Fiber*, No. 6:18-cv-1823-Orl-31LRH, 2019 U.S. Dist. LEXIS 239822, at *4 (M.D. Fla. Nov. 22, 2019).

      **1.**      **Plaintiff should be precluded from offering evidence that was never disclosed.**

Here, Plaintiff should be precluded from offering the testimony of a corporate representative of the Jacksonville Sheriff's Office because he failed to disclose this witness in his Rule 26(a) Initial Disclosures and in his Amended Rule 26(a) disclosures. *See* Exhibit 8, Plaintiff's Initial Disclosures; Exhibit 9, Plaintiff's Amended Disclosures.

Likewise, Plaintiff should be precluded from offering the following three documents that Plaintiff failed to produce in discovery: SoFi Experian ACDV; Equifax Credit Report, SoFi Reinsertion. *See* Exhibit 1, Plaintiff's Exhibit List at Nos. 10; 13; 20.

      **2.**      **Plaintiff should be precluded from offering evidence that was disclosed on the eve of the discovery deadline.**

On August 14, 2022, a single day before the discovery deadline, Plaintiff served Amended Initial Disclosures ("Amended Disclosures") that identified, for the first time, additional fact witnesses never previously disclosed. See Exhibit 10, Email Service of Amended Disclosures. Of the additional witnesses disclosed on the eve of the discovery deadline, Plaintiff's pre-trial disclosures reveal that he intends to call: (1) Neiver Stiven Toro Betancur and (2) James Dickson. *See* Exhibit 5, Plaintiff's Witness List.

This Court has previously held that supplementing initial disclosures "on the eve of a discovery deadline to add new witnesses, absent explanation, will cause demonstrable prejudice to Defendant." *See Pro Video Instruments v. Thor Fiber*, 2019 U.S. Dist. LEXIS 239822, at *4. The prejudice is obvious where "Defendant was effectively precluded from propounding discovery related to the newly disclosed witnesses." *Id.* (quoting *Kotchman v. State Farm Mut. Auto. Ins.*

*Co.*, No. 8:15-CV-2482-T-30JSS, 2017 U.S. Dist. LEXIS 5832, 2017 WL 164356, at *3 (M.D. Fla. Jan. 17, 2017)).  Thus, before the Court may find the late disclosures harmless, Plaintiff must show that the Additional Witnesses were disclosed earlier "through discovery or otherwise." *See, e.g., Bielawski v. Davis Roberts Boeller & Rife, P.A.,* No. 2:18-cv-758-FtM-29MRM, 2020 U.S. Dist. LEXIS 84189, at *10 (M.D. Fla. May 13, 2020) (citing *Graley v. TZ Insurance Solutions, LLC*, 2016 U.S. Dist. LEXIS 118893, 2016 WL 4595066 (M.D. Fla. Sept. 2, 2016)).

Here, Plaintiff has no acceptable justification for the late disclosure of the additional witnesses.  Plaintiff's interrogatory responses failed to disclose these individuals.  *See* Exhibit 11, Plaintiff's Response to Equifax's Interrogatories.  The prejudice to SoFi is obvious because SoFi lost the opportunity to take any discovery from these additional witnesses.  Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), SoFi requests the Court enter an Order precluding Plaintiff from introducing any testimony of or from Neiver Stiven Toro Betancur and James Dickson at trial.

Plaintiff further moves *in limine* to preclude the testimony of Plaintiff's current husband, Mr. Betancur.  Mr. Betancur cannot provide lay testimony regarding Plaintiff's purported damages.  Nor can Mr. Betancur provide testimony about his observations of Plaintiff because he is not in Plaintiff's proximity for many months out of the year while Plaintiff is sailing on his world cruises.

## E.   Plaintiff Should Be Precluded From Offering Evidence of Credit Score Changes, Credit Harm And Other Speculative Damages of Emotional Distress.

In order to recover actual damages under §§ 1681n(a)(1)(A) or 1681o(a)(1), Plaintiff must produce evidence of damages resulting from inaccurate credit reporting.  In the Eleventh Circuit, this means Plaintiff bears the burden of proving that the FCRA violation "was a causal factor in the denial" of a beneficial credit opportunity.  *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991).  Aside from the possibility of recovering statutory damages under

§ 1681n(a)(1)(A), failure to produce evidence of damages resulting from an FCRA violation precludes recovery of actual damages. *See Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1307 (11th Cir. 2002) (noting that "failure to produce evidence of damages for an FCRA violation mandates summary judgment.") (citing *Cahlin*, 936 F.2d at 1160); *see also Lee v. Security Check, LLC*, 2010 U.S. Dist. LEXIS 82630, 2010 WL 3075673, at *13 (M.D. Fla. Aug. 5, 2010) ("Plaintiff has an affirmative duty to come forward with evidence that the inaccurate information contained in his credit report caused him harm."); *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (must have causal relationship between violation of statute and denial of credit for award of actual damages).

Plaintiff cannot meet this burden through self-serving statements alone. *See Rumbough v. Experian Info. Sols., Inc.,* No. 6:12-cv-811-Orl-22DAB, 2014 U.S. Dist. LEXIS 186329, at *33 (M.D. Fla. Jan. 8, 2014) (entering summary judgment in favor of FCRA defendant where evidence of credit denial damages was self-serving statement by plaintiff). Moreover, the evidence of damages from denial of credit must be more than mere speculation that a better interest rate could have been obtained but for the incorrect credit reporting. *See, e.g., Robbins v. CitiMortgage, Inc.,* No. 16-CV-04732-LHK, 2017 U.S. Dist. LEXIS 209367, at *48 (N.D. Cal. Dec. 20, 2017) (rejecting speculative damages theory which required "the Court to guess what interest Plaintiff's money might have earned, and compare that to an interest rate on a loan Plaintiff never received.").

Here, Plaintiff's allegations and disclosures concerning his actual damages are set forth in two places. First, in his Amended Disclosures, Plaintiff states that he was denied a refinance on his home mortgage by Bank of America in July 2021 as a result of harm to his credit score, resulting in damages of approximately $80,000 in lost interest savings over the life of the mortgage. *See* Exhibit 9, Amended Disclosures at 4. Second, Plaintiff's Complaint alleges that

as a result of Defendants alleged conduct "Plaintiff has suffered emotional distress, humiliation, mental anguish, and damages to his creditworthiness." *See* Dkt No. 1 at ¶ 131.

As in *Robbins*, Plaintiff's theory of damages from a lost credit opportunity with Bank of America would require comparison of the mortgage interest rate Plaintiff pays to a rate he might have obtained on a loan he never received. Plaintiff has produced no evidence from which such a comparison can be made. Accordingly, the measure is far too speculative to sustain Plaintiff's burden. Moreover, Bank of America's response to a subpoena issued in this action revealed that there is no record of Plaintiff submitting a refinance application to Bank of America. *See* Exhibit 12, Bank of America Response to Subpoena.

Similarly, in order to prove his entitlement to emotional distress damage, Plaintiff must do more than provide self-serving testimony consisting of conclusory statements. *See Davis v. Florida Agency for Health Care Admin.,* 612 F. App'x 983, 987 (11th Cir. 2015) ("A plaintiff's own testimony may support an award of compensatory damages for emotional distress, but the testimony must consist of more than conclusory statements that the plaintiff suffered from emotional distress."); *Sampson v. Equifax Info. Servs., LLC*, No. CV204-187, 2005 U.S. Dist. LEXIS 19240, at *5 (S.D. Ga. Aug. 29, 2005) (collecting cases and concluding that an FCRA plaintiff "must produce some form of independent, corroborating evidence of her humiliation and embarrassment at trial to recover compensatory damages for emotional distress"); *Jordan v. Trans Union LLC*, No. 1:05 CV 305 GET, 2006 U.S. Dist. LEXIS 38785, at *7-8 (N.D. Ga. June 12, 2006) (holding, in a case arising under the FCRA, that [t]he remainder of plaintiff's complaints such as feeling frustrated and degraded are insufficient, standing alone, to support damages for mental anguish."); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001) (holding, in the context of the FCRA, that a claim for "emotional distress must be supported by evidence of

genuine injury . . . requir[ing] 'a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award.'").

For example, courts have declined to strike claims for emotional distress damages under the FCRA where a plaintiff could prove she had "two stress-related seizures" and "feared for her safety." *See Martinez v. Cherry Bekaert, LLP,* No. 1:18-cv-25429-GOODMAN, 2021 U.S. Dist. LEXIS 185165, at *6 (S.D. Fla. Sep. 28, 2021).

There is no evidence or even allegation of any such harm in this case. Plaintiff cannot meet his burden of establishing actual damages in the form of either a lost credit opportunity or emotional distress beyond a speculative level. Any evidence Plaintiff could assert on these issues would consist merely of Plaintiff's self-serving conclusory statements. In the absence of a viable right to recover those damages, Plaintiff's testimony is irrelevant and would confuse the jury and create substantial prejudice for SoFi. *See, e.g., Falin v. Condo. Ass'n of La Mer Estates,* No. 11-61903-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 181847, at *5 (S.D. Fla. June 15, 2012) (excluding evidence of lost profit damages which were irrelevant to the plaintiff's claims and "too speculative to be presented to the jury")

## F.    Plaintiff Should Be Precluded From Offering Evidence of SoFi's Financial Condition.

Evidence of a defendant's financial condition does not become relevant unless and until liability on the part of the particular defendant has been established. *See, e.g., Hangarter v. The Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1095 (N.D. Cal. 2002). "The purpose of precluding evidence of a defendant's financial condition is to minimize prejudice prior to the jury's determination of a prima facie case of liability for punitive damages." *Id.*; *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) ("the presentation of evidence of a

defendant's net worth creates the potential that juries will use their verdicts to express biases against big business[.]").

Unless and until Plaintiff is able to present evidence that supports a finding that SoFi "willfully fail[ed] to comply with any requirement imposed under [15 U.S.C. §1681] with respect to" Plaintiff, neither the issue of punitive damages nor any evidence of SoFi's financial condition be presented to the jury. *See* 15 U.S.C. §1681n; *see also Hangarter*, 236 F. Supp.2d at 1095. Thus, if Plaintiff cannot prevail on liability, all evidence relating to punitive damages will be wholly irrelevant and prejudicial. Rather, as noted by the Supreme Court, that evidence would only create "the potential that juries will use their verdicts to express biases against big business[.]" *State Farm Mut. Auto. Ins. Co.*, 538 U.S. at 417 (2003).

If Plaintiff cannot meet his burden and present sufficient evidence to demonstrate SoFi willfully violated the FCRA, then he is not entitled to punitive damages, and there is no reason to submit evidence of SoFi's financial condition to the jury. *See* Fed. R. Evid. 401 - 402. Stated another way, evidence of SoFi's financial condition becomes relevant only <u>if and after</u> Plaintiff has established he is entitled to punitive damages under the FCRA. *See*, *e.g.*, *Evers v. Equifax, Inc.*, 650 F.2d 793 (5th Cir. 1981) (district court did not abuse its discretion in granting a new trial on the ground that the jury improperly considered punitive damages under §1681n in violation of the district court's ruling withdrawing that issue from the jury, based on plaintiff's failure to produce sufficient evidence to prove willfulness); *Ferrarelli v. Federated Fin. Corp. of Am.*, 253 F.R.D. 432, 433-34 (S.D. Ohio) (evidence of the defendant's financial condition not relevant in liability phase of FCRA trial).

In the unlikely event this Court finds evidence of SoFi's financial condition is relevant to Plaintiff's case-in-chief, it should nevertheless exclude it, because the probative value is far

outweighed by the danger of unfair prejudice and confusion of issues. Fed. R. Evid. 403. The jury may unwittingly use evidence of SoFi's financial condition improperly as the basis for a finding of liability and an award of compensatory damages. Further, such evidence could only serve to evoke the passion and prejudice of the jury by highlighting a "deep pocket" from which Plaintiff may hope to draw compensatory damages.

Finally, any punitive damages award in this case necessarily would be constrained by the requirements of due process. *See, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (holding due process limitations apply to all punitive damages awards). Due process "prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416 (2003). In determining whether the amount of punitive damages awarded complies with due process, while there is no "bright-line ratio [between compensatory damages and punitive damages] which a punitive damages award cannot exceed," the Supreme Court has stated that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process." *Id*. at 425. As demonstrated above, Plaintiff lacks any admissible evidence demonstrating that he suffered any actual financial injury as a result of SoFi's credit reporting. Thus, due process prohibits the imposition of punitive damages based on SoFi's financial condition and the admissibility of this evidence. *See, e.g., Bains LLC v. ARCO Products Company*, 405 F.3d 764, 777 (9th Cir. 2005) ("The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award") (citation omitted).

For these reasons, SoFi requests that this Court exercise its discretion to prohibit the introduction of evidence of SoFi's financial condition prior to a finding on liability

G.  **Plaintiff Should Be Precluded From Offering Evidence Of Prior Lawsuits, Complaints, and Remedial Measures**

Plaintiff may attempt to prove that SoFi's investigation was unreasonable through inadmissible evidence of other lawsuits or complaints against SoFi involving similar allegations. Plaintiff may also seek to introduce inadmissible evidence that SoFi has revised its policies to require different investigation procedures than SoFi performed in this case as a result of Plaintiff's lawsuit and other similar actions.

Evidence of other lawsuits, complaints, or recoveries against SoFi in similar matters would be inadmissible character evidence under Fed. R. Evid. 404. Rule 404 provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . intent, . . . knowledge, . . . or absence of mistake or accident . . . ." The Eleventh Circuit stated the test for admissibility of acts unrelated to the subject litigation:

> To be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403.

*Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-33MCR, 2006 U.S. Dist. LEXIS 73238, at *5 (M.D. Fla. Oct. 6, 2006) (quoting *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

Any reference to such facts is irrelevant to this case because there is no evidence that SoFi's investigation was in any way impacted by knowledge of another lawsuit or action against SoFi. Those facts could only go to whether SoFi's actions in this case were consistent with its actions in prior cases, and that squarely falls within the exclusion of inadmissible character evidence.

Furthermore, evidence concerning revisions to SoFi's investigation policies following Plaintiff's lawsuit is inadmissible pursuant to Fed. R. Evid. 407. Rule 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" either negligence or culpable conduct. Here, there is no other purpose, which could be served by evidence of remedial measures except as an attempt to prove SoFi's negligence or culpable conduct.  Such evidence is plainly inadmissible.

**H.    Any Recovery Returned to Plaintiff Under The FCRA Must Be Limited By The One-Satisfaction Rule.**

This District Court recently affirmed the application of the one-satisfaction rule to FCRA cases.  *See Westbrook v. Equifax Info. Servs. LLC*, No. 8:23-cv-477-MSS-UAM, 2024 U.S. Dist. LEXIS 39721, at *3 (M.D. Fla. Mar. 7, 2024) ("Given the current state of the case law, and the Eleventh Circuit opinion in *BUC Int'l Corp.,* courts in this district have concluded the one satisfaction rule applies in FCRA cases.").  In general, "a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.,* 517 F.3d 1271, 1276 (11th Cir. 2008) (citations omitted).  The one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury."  *Id*.  The applicability of the one-satisfaction rule is routinely addressed via motions in limine.  *See Losch v. Experian Info. Sols., Inc*., No. 2:18-CV-809-JLB-MRM, 2021 U.S. Dist. LEXIS 263329, at *2 (M.D. Fla. Dec. 27, 2021) (holding the parties' dispute over the applicability of the one-satisfaction rule for an FCRA claim is more appropriately resolved on a motion in limine rather than in a pretrial discovery dispute); *see also Westbrook*, 2024 U.S. Dist. LEXIS, at *3 (same).

In this case, Plaintiff seeks the same damages from every defendant as it relates to his FCRA claims. Plaintiff has failed to establish that he has suffered a distinct injury by SoFi or by any of the five defendants he sued under the FCRA. Mr. Hendrick's has already been precluded from testifying about Plaintiff's "specific damages." *See* Order, Dkt No. 110 at 3. As such, Plaintiff cannot demonstrate that a particular defendant caused his alleged injury. It is undisputed that Plaintiff entered into settlements with all three of the CRAs. *See* Exhibit 12, Plaintiff's Deposition Transcript at 233-235. For the foregoing reasons, this Court should apply the one-satisfaction rule to this case and determine in limine that, in the event Plaintiff recovers against SoFi under the FCRA, the award must be offset by the amounts paid to Plaintiff by the CRA defendants pursuant to their respective settlement agreements.

## IV. CONCLUSION

For the reasons set forth herein, SoFi respectfully requests the Court exclude evidence as set forth herein, and grant such other and further relief as is proper.

## CERTIFICATE OF COMPLIANCE WITH L.R. 3.01(g)

The parties are discussing the relief sought and will work collaboratively to come to a consensus on as many of these as possible between now and the final pretrial conference on April 24, 2024.

Dated: April 17, 2024

Respectfully submitted by,

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
perkinsj@ballardspahr.com

*Attorneys for Defendant, SoFi Lending Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 17, 2024, a true copy of the foregoing document was served on all counsel of record by electronic service.

**BALLARD SPAHR LLP**

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire

*Attorneys for Defendant,*
*SoFi Lending Corp.*