# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BRUCE SCUDDER,

                Plaintiff,

v.                                       CASE NO.: 3:21-CV-00741-TJC-JBT

SOFI LENDING CORP.,
LVNV FUNDING, LLC, and
RESURGENT CAPITAL SERVICES L.P.,

                Defendants.

## **DEFENDANT SOFI LENDING CORP.'S SUPPLEMENTAL BRIEF**

Pursuant to this Court's June 4, 2024 Order (ECF No. 159), Defendant SoFi Lending Corp. ("SoFi"), through its undersigned counsel, respectfully submits the following briefing supplementing its Omnibus Pre-Trial Motion in Limine (ECF No. 117), and reiterates its request that the Court instruct Plaintiff Bruce Scudder ("Plaintiff") and all of Plaintiff's witnesses to refrain from referencing, mentioning, or otherwise offering evidence relating to the purported reinsertion of the SoFi loan in Plaintiff's name (the "SoFi Loan") on Plaintiff's Equifax credit report after the close of discovery in the above-captioned action.

### I.     INTRODUCTION

Without any discovery or testimony from Equifax, Plaintiff seeks to tell the jury that SoFi reinserted the account on his credit report. Plaintiff's sole support for this allegation is a notice he received from Equifax on August 25, 2022. *See* Exhibit 1, Equifax Letter. However, viewing a credit report does not definitely identify the entity (furnisher or crediting reporting agency) that caused the account

to appear or reappear on the credit report. The credit reporting process is mechanical and involves both furnishers and CRAs. For this reason, it is not a perfect process. CRAs do not always report information they receive from furnishers and CRAs do not always delete accounts upon requests from furnishers.

By way of reminder, discovery in this case closed on August 15, 2022. *See* Dkt. No. 49. On August 31, 2022, Plaintiff filed a motion to modify the Case Management and Scheduling Order. *See* Dkt No. 72. Plaintiff listed a litany of reasons for his request to reopen discovery and extend the case management deadlines by 90 days. Among those reasons, was Plaintiff's representation to this Court that he intended to file a "Motion to Amend to Supplement Claims" based on the reinsertion of the SoFi account. *See Id.* at ¶¶ 21-23. Per Plaintiff, **"these supplemental claims will naturally need additional discovery from the Defendants."** *Id.* at ¶ 23. Despite making this representation nearly two years ago, Plaintiff never filed a "Motion to Amend to Supplement Claims." *See generally* Dkt.

Instead, Plaintiff filed a second lawsuit against SoFi based on his allegation that SoFi violated the FCRA by purportedly reinserting the SoFi account on his Equifax report. *See Scudder v. SoFi Lending Corp.*, No. 3:22-cv-01040-TJC-MCR (M.D. Fla., filed on Sept. 23, 2022) ("*Scudder II*"). In the complaint in *Scudder II*, Plaintiff alleged:

> **Upon information and belief,** on or about May 2022, SOFI requested to have the account information reinserted on his Equifax credit file and submitted a

> certification that the account belonged to Plaintiff and that the information was complete and accurate. As a result of the certification, Equifax reinserted the Account on Plaintiff's Equifax credit report.

*See Scudder II*, Dkt. No. 1 at ¶ 28 (emphasis added). Plaintiff never prosecuted *Scudder II*. He never engaged in discovery on the allegations he pled "upon information and belief." After tenth months of no activity, Plaintiff elected to dismiss *Scudder II*. The parties filed a Stipulation of Dismissal Without Prejudice. *See* Dkt. Nos. 11; 12. In the two years since dismissing *Scudder II*, Plaintiff did not raise his claim about the reinsertion of the tradeline in any other forum.

Plaintiff should be precluded from inserting the reinsertion of the tradeline into this action at trial. Plaintiff himself admitted that he would need to amend or supplement his complaint in this action in order to pursue this claim. Plaintiff further admitted that the parties would need to open discovery to investigate the reinsertion. And, Plaintiff abandoned this new claim when he dismissed *Scudder II*.

Lastly, such evidence is irrelevant to the question at issue in this trial – namely, whether SoFi conducted a reasonable investigation of Plaintiff's indirect dispute of the SoFi Loan in 2021 – and thus inadmissible under Federal Rule of Evidence 402. Moreover, even if it were relevant, it should be excluded under Federal Rule of Evidence 403, as any hypothetical probative value it could have is far outweighed by its unfair prejudice to SoFi, and its likelihood to confuse the issues and mislead the jury.

## II. LEGAL STANDARD

The Federal Rules of Evidence govern the admissibility of evidence generally. *See generally* Fed. R. Evid. 401-404. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency" to make a "fact [that] is of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence *not* meeting this standard is irrelevant and therefore inadmissible. Fed. R. Evid. 402. And even if evidence *is* relevant, it "may be excluded if its probative value is outweighed by a danger of . . . unfair prejudice, confusion of the issues, [or] misleading the jury." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Comment to Fed. R. Evid. 403.

Additionally, hearsay evidence is not admissible, unless under certain exclusions and exceptions. Fed. R. Evid. 801-803. Specifically, hearsay evidence cannot be used to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801.

## III. ARGUMENT

Plaintiff has indicated in his pre-trial disclosures that he intends to offer into evidence his speculation that SoFi directed Equifax to reinsert the SoFi Loan onto his credit report on August 25, 2022 – after the close of discovery in this action. The basis for this is a letter, purportedly from Equifax, which he has indicated he also intends to offer into evidence. This letter, and any speculation stemming

therefrom, should be excluded under either Rule 402 or 403 of the Federal Rules of Evidence.

### A. Evidence Relating to the Purported Reinsertion of the SoFi Loan on Plaintiff's Equifax Credit Report is Inadmissible Under Federal Rule of Evidence 403's Balancing Test.

Admission of this evidence would be unfairly prejudicial to SoFi. Plaintiff has already made a judicial admission that the claims in this action are different from the claim he believes he may have regarding the reinsertion of the SoFi account. *See* Dkt No. 72. He represented to the Court that he intended to file a "Motion to Amend to Supplement Claims" based on the reinsertion of the SoFi account. *See Id.* at ¶¶ 21-23. Per Plaintiff, **"these supplemental claims will naturally need additional discovery from the Defendants."** *Id.* at ¶ 23. Plaintiff never filed a "Motion to Amend to Supplement Claims" and discovery was never reopened in this action.

Because this purported reinsertion allegedly occurred after the close of discovery in this action, SoFi had no opportunity to investigate the circumstances surrounding the issuance of this letter. Had it had adequate notice and an opportunity to take discovery, SoFi would have sought evidence and testimony from both Plaintiff and Equifax.

In a similar set of circumstances, the United States District Court for the Eastern District of Pennsylvania, denied a FCRA plaintiff's motion to amend her complaint to include allegations and claims relating to an alleged "reinsertion" of information to her credit report. *See Price v. Trans Union, LLC*, No. 737 F.Supp.2d

276 (E.D. Pa. 2010). The plaintiff in *Price* learned about the reinsertion after the lawsuit was filed and waited nine months after the amendment deadline passed to seek leave to amend her complaint. *Id*. at 278. The Court held that the plaintiff failed to show good cause to allow the amendment. The *Price* Court also demonstrates the need for discovery on the issue of "reinsertion". *Id*. at 280. According to the defendant in *Price*, the parties learned during discovery and depositions that the reinsertion was an error and was fixed within hours. *Id*. SoFi was not afforded an opportunity to conduct discovery on the alleged reinsertion in this case because it occurred after discovery closed and it had no knowledge that Plaintiff intended to add this claim into this action.

The mere fact that Plaintiff brought a claim regarding the purported reinsertion in the separate *Scudder II* action does *not* mean that SoFi received adequate notice of this evidence or Plaintiff's intent to use it.[1] *See United States ex rel. TVA v. An Easement & Right-of-Way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1342 (N.D. Ga. 2018) ("Defendant failed to disclose the documents and exhibits at issue in a timely fashion, and **the fact that Plaintiff may have the**

---

[1] Nor can Plaintiff get around this by offering evidence that he brought a since-dismissed claim against SoFi on the same allegations. "District Courts routinely exclude evidence and arguments related to previously dismissed claims as irrelevant and prejudicial." *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787-EAK-AED, 2018 U.S. Dist. LEXIS 228703, *5 (M.D. Fla. Sept. 9, 2018) (citing cases); *Anderson v. Brown Indus.*, No. 4:11-cv-0225-HLM, 2014 U.S. Dist. LEXIS 198916, *10-11 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible.") (citing cases); *see also Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCl< 2021 U.S. Dist. LEXIS 88207, *7-8 (M.D. Fla. Feb. 2, 2021) (excluding evidence regarding dismissed claim as irrelevant) (citing *DeBose* and *Anderson*).

**documents and exhibits from related actions does not excuse his failure**.") (emphasis added). Moreover, in *Scudder II*, no discovery was conducted. Instead, Plaintiff allowed that case to linger before stipulating to its dismissal nearly a year ago. And he did not seek leave to amend his complaint in this action to widen the scope of his allegations against SoFi. SoFi was therefore not given adequate opportunity to test the validity of Plaintiff's evidence on this issue.

In similar circumstances, a Northern District of Alabama court declined to allow a party to offer certain evidence, stating:

> To the extent [Proponents] have not disclosed the documents and exhibits listed in their trial witness and exhibit list [] in their initial disclosures or elsewhere during the discovery process, they must be excluded under the circumstances. **The extremely late disclosure of documents clearly prejudices [Opponent]. He has had no opportunity to probe the authenticity and accuracy of the documents during the discovery process**.

*King v. Passmore*, No. 2:16-cv-00192-JEO, 2017 U.S. Dist. LEXIS 217679, *6 (N.D. Ala. Apr. 17, 2017) (emphasis added). This Court should follow.

### B. Evidence Relating to the Purported Reinsertion of the SoFi Loan on Plaintiff's Equifax Credit Report is Irrelevant.

The claim against SoFi in this action hinges upon whether, **in 2021**, SoFi conducted a reasonable investigation of Plaintiff's dispute of his credit report. The purported reinsertion allegedly took place in or around August **2022**. Any evidence relating to the purported reinsertion cannot have any bearing on whether SoFi conducted an investigation in the previous calendar year, let alone whether

such investigation was "reasonable[,]" as it cannot make any fact about SoFi's investigation "more or less probable." Fed. R. Evid. 401. Because it fails to meet this standard, the evidence is irrelevant and therefore inadmissible. Fed. R. Evid. 402. The Court can and should preclude introduction of this evidence and any related testimony on this basis alone.[2]

### C. Evidence Relating to the Purported Reinsertion of the SoFi Loan on Plaintiff's Equifax Credit Report is Inadmissible Hearsay.

Additionally, and more fundamentally, the sole piece of evidence that Plaintiff has on this issue is the purported Equifax letter. *See* Exhibit 1. Plaintiff has not indicated any intention to call an Equifax custodian of records at trial, and Equifax is no longer a party to this case. Plaintiff is therefore unlikely to be able to authenticate the *contents* of the document – only that he received it. *See* Fed. R. Evid. 901. And its contents, if offered for the truth, are inadmissible hearsay and not subject to any recognized exception. *See* Fed. R. Evid. 801-803. Even if the contents of the letter were relevant (and they are not), they are not admissible – and the mere fact of Plaintiff receiving a letter from Equifax is not relevant. The Court can and should preclude introduction of this evidence and related testimony on this additional basis.

---

[2] Plaintiff himself implicitly acknowledged that the purported reinsertion was separate and distinct from, and thus not relevant to, the instant claim against SoFi when he brought a separate related action against SoFi in September 2022 ("Scudder II") – an action which was later dismissed by stipulation. *See infra* at Section II.A.

**WHEREFORE**, for the above stated reasons, and for those stated in its previous Omnibus Motion, SoFi respectfully reiterates its request for the Court to instruct Plaintiff and his witnesses to refrain from offering evidence and testimony relating to alleged reinsertion of the SoFi tradeline on Plaintiff's Equifax credit report.

Dated: June 5, 2024

Respectfully submitted by,

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
perkinsj@ballardspahr.com

*Attorney for Defendant SoFi Lending Corp.*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2024, a true copy of the foregoing document was served on all counsel of record by electronic service.

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
perkinsj@ballardspahr.com

*Attorney for Defendant SoFi Lending Corp.*
