UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,

          Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC,
RESURGENT CAPITAL SERVICES L.P.,
SOFI LENDING CORP.,
LVNV FUNDING, LLC,
FINANCIAL RECOVERY SERVICES OF
MINNESOTA, INC.,

          Defendants.

CASE NO.:  3:21-CV-00741-TJC-JBT

**DEFENDANTS' JOINT MOTION TO STAY ENTRY OF JUDGMENT
UNTIL THE COURT CONSIDERS POST-VERDICT MOTIONS**

Defendants SoFi Lending Corp. ("SoFi"), LVNV Funding, LLC ("LVNV"), and Resurgent Capital Services L.P. ("Resurgent") jointly move for this Court to stay entry of judgment to consider two post-verdict motions that will be filed shortly: (1) SoFi's motion for application of the one satisfaction rule (relating to settlements between Plaintiff and dismissed Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC); and (2) LVNV's and Resurgent's motion regarding an award of punitive (but not actual) damages. During the June 3, 2024 Pre-Trial Conference, the Court stated that the one satisfaction rule would not be addressed during trial but, rather, would be

addressed "post verdict." (June 3, 2024 Tr. at 24:10–19, 62:8–10). Specifically, the Court stated:

> I think I agree with you on the one satisfaction rule, if I understand it, is just saying you can't get a double recovery, so – all that gets sorted out post verdict, though. Obviously if there's no verdict for the plaintiff, then none of it matters. And if there is, then we'll figure it out post verdict, right?

(June 3, 2024 Tr. at 24:10–19).

Staying entry of judgment would be economical because to the extent the Court enters judgment without considering the one satisfaction rule (or the availability of punitive damages without actual damages), entry of judgment will trigger Plaintiff's deadlines to move for fees/costs (and Defendants' deadlines to respond). But application of the one satisfaction rule or punitive damages availability standard may alter the identity of the "prevailing party," at which point extensive briefing on fees/costs would be moot. Similarly, LVNV and Resurgent's motion concerning the availability of punitive damages in the absence of actual damages under Florida law may effect the "prevailing party" as well.

I. **LEGAL STANDARD**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Suite 225, Inc. v. Lantana Ins., Ltd.*, No. 12-80409-CIV-MARRA, 2013 U.S. Dist. LEXIS 201278, at *3 (S.D. Fla. Jan. 29, 2013) (quoting *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 U.S. Dist. LEXIS 41104, at *5 (S.D. Fla. Apr. 15, 2011)).

## II.   DISCUSSION

Application of the one satisfaction rule would result in the reduction of compensatory damages awarded by the jury against SoFi. *See, e.g.*, *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1279 (11th Cir. 2008) (ordering a district court to "reduce the judgment against [defendants] dollar-for-dollar by the amounts received by BUC in settlement of its claims.").

Here, SoFi has already started the process of obtaining the relevant pre-trial settlement agreements related to this action from Plaintiff. (*See* **Exhibit A** (June 18, 2024 Email)). Depending on Plaintiff's cooperation, SoFi may need to request that this Court compel production of the terms of the settlement agreements as part of a one satisfaction rule motion or other motion to compel. *See, e.g.*, *BUC Int'l*, 517 F.3d at 1276 (noting a defendant requested district court to compel production of settlement information as part of a post-verdict motion to apply the one satisfaction rule); *FDIC v. Credit Suisse Secs. (USA) LLC*, No. 2:12-CV-784-WKW, 2016 U.S. Dist. LEXIS 30709, at *24 (M.D. Ala. Mar. 10, 2016) (compelling production of settlement agreements post-verdict).[1]

---

[1] Courts in the Eleventh Circuit recognize that the one satisfaction rule applies to FCRA claims. *See, e.g.*, *Westbrook v. Equifax Info. Servs., LLC*, No. 8:23-cv-477-MSS-UAM, 2024 U.S. Dist. LEXIS 39721, at *3 (M.D. Fla. Mar. 7, 2024); *Haston v. Gold Coast Fed. Credit Union*, No. 22-cv-80004-SMITH/MATTHEWMAN, 2022 U.S. Dist. LEXIS 203582, at *3-4 (S.D. Fla. Nov. 8, 2022) ("This Court also finds that, given the current state of the case law, and the Eleventh Circuit opinion in *BUC Int'l Corp.*, the One Satisfaction Rule does apply in FCRA cases."); *Younger v. Experian Info. Sols.*, No. 2:15-CV-00952-SGC, 2018 U.S. Dist. LEXIS 242410, at *1 (N.D. Ala. Mar. 30, 2018); *Williams v. LVNV*

Depending on the amount of the settlements, the jury's verdict may need to be reduced in such a manner that renders SoFi the prevailing party, possibly permitting SoFi to obtain fees and costs under its Offer of Judgment and/or Fed. R. Civ. P. 54. But if the Court does not stay entry of judgment, Plaintiff may needlessly be required to move (and SoFi needlessly be required to respond to such a motion) for fees/costs under Fed. R. Civ. P. 54. Further, the ultimate judgment may inform SoFi as to whether it ultimately files a Renewed Motion for Judgment as a Matter of Law and seeks new trial, which would be due within 28 days of entry of judgment. *See* Fed. R. Civ. P. 50(b).

As to LVNV and Resurgent, the jury awarded Plaintiff no actual damages as against these Defendants. However, it awarded punitive damages as against both, under the Florida Consumer Collection Practices Act. As such, LVNV and Resurgent intend to file a post-trial motion addressing the jury's verdict as under Florida law, in the absence of any compensatory damage award, a party cannot recover punitive damages. *See DFG Grp., LLC v. Heritage Manor of Mem. Park, Inc.* 237 So.3d 419, 422 (Fla. 4th DCA 2018), *James Crystal Licenses, LLC v. Infinity Radio, Inc.*, 43 So. 3d 68, 75-76 (Fla. 4th DCA 2010); *Morgan Stanley & Co v. Coleman Holdings, Inc.*, 955 So. 2d 1124, 1132 (Fla 4th DCA 2007). Their motion is due within 28 days of entry of judgment as well. *See* Fed. R. Civ. P. 50(b).

---

*Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 U.S. Dist. LEXIS 54845 (N.D. Ala. Apr. 11, 2017).

And as with SoFi, adjudication of LVNV and Resurgent's post-trial motion may render them the "prevailing parties."

## III.  CONCLUSION

For the foregoing reasons, the Court should stay entry of judgment while the parties brief and the Court considers Defendants' post-verdict motions.

Dated: June 19, 2024                                                                                  Respectfully submitted by,

| BALLARD SPAHR LLP<br><br>/s/ *Jenny N. Perkins*<br>Jenny N. Perkins, Esquire<br>Florida Bar No. 77570<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103-7599<br>Telephone: 215.665.8500<br>Facsimile: 215.864.8999<br>perkinsj@ballardspahr.com<br><br>*Attorney for Defendant,*<br>*SoFi Lending Corp.* | MESSER STRICKLER BURNETTE, LTD.<br><br>/s/ *Lauren M. Burnette*<br>Lauren M. Burnette, Esquire<br>Florida Bar No. 0120079<br>John M. Marees , Esquire<br>Florida Bar No. 069879<br>Maureen Walsh, Esquire<br>Florida Bar No. 28179<br>12276 San Jose Blvd.<br>Suite 718<br>Jacksonville, FL 32223<br>Telephone: 904.527.1172<br>Facsimile:  904.683.7353<br>lburnette@messerstrickler.com<br>jmarees@messerstrickler.com<br>mwalsh@messerstrickler.com<br><br>*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC* |
|---|---|

## CERTIFICATE OF COMPLIANCE WITH L.R. 3.01(g)

On June 19, 2024, Defendants sent an email to Plaintiff's counsel of record seeking to confer in compliance with Local Rule 3.01(g) regarding the relief requested in this motion. Defendants provided Plaintiff's counsel with their reasons for filing this motion along with citations to the cases cited herein. As of the filing of this motion, Plaintiff's counsel has not responded to Defendants' conferral emails. Defendants will continue their attempts to meet and confer with Plaintiff's counsel pursuant to their obligations under Local Rule 3.01(g). In light of the pressing nature of this request, Defendants respectfully submit this motion at this time.

Dated: June 19, 2024                                                        Respectfully submitted by,

| **BALLARD SPAHR LLP** | **MESSER STRICKLER BURNETTE, LTD.** |
|---|---|
| /s/ *Jenny N. Perkins*<br>Jenny N. Perkins, Esquire<br>Florida Bar No. 77570<br>1735 Market Street, 51st Floor<br>Philadelphia, PA  19103-7599<br>Telephone: 215.665.8500<br>Facsimile: 215.864.8999<br>perkinsj@ballardspahr.com<br><br>*Attorney for Defendant,*<br>*SoFi Lending Corp.* | /s/ *Lauren M. Burnette*<br>Lauren M. Burnette, Esquire<br>Florida Bar No. 0120079<br>John M. Marees , Esquire<br>Florida Bar No. 069879<br>Maureen Walsh, Esquire<br>Florida Bar No. 28179<br>12276 San Jose Blvd.<br>Suite 718<br>Jacksonville, FL 32223<br>Telephone: 904.527.1172<br>Facsimile:  904.683.7353<br>lburnette@messerstrickler.com<br>jmarees@messerstrickler.com<br>mwalsh@messerstrickler.com<br><br>*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC* |

## CERTIFICATE OF SERVICE

I certify that on June 19, 2024, a true copy of the foregoing document was served on all counsel of record by electronic service.

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire
Florida Bar No. 77570
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999
perkinsj@ballardspahr.com

*Attorney for Defendant SoFi Lending Corp.*