UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,
    Plaintiff,

CASE NO.: 3:21-cv-741-TJC-JBT

vs.

RESURGENT CAPITAL
SERVICES L.P. SOFI LENDING CORP.,
LVNV FUNDING, LLC,
    Defendants.
_____/

PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON JURY VERDICT

Plaintiff, Bruce Scudder, pursuant to Federal Rule of Civil Procedure 58, moves the Court to enter a judgment on the verdict rendered by the jury on June 18, 2024. In further support of this motion, Plaintiff supplies the memorandum of law that follows.

## MEMORANDUM OF LAW

### Background

On June 18, 2024, following a five-day trial, a jury entered the verdict that is attached hereto as ***Exhibit "A."*** To date, following the jury's verdict, neither the Clerk nor the Court has entered a judgment reflecting the jury's verdict as is required under Fed. R. Civ. P. 58.

### Relevant Law

Federal Rule of Civil Procedure 58(b) addresses the entry of judgment following a jury returning a verdict. Rule 58(b) reads as follows:

    (b) **Entering Judgment.**

    (1) **Without the Court's direction.** Subject to Rule 54(b) and unless the Court orders otherwise, the clerk must, without awaiting the Court's direction, promptly prepare, sign and enter the judgment when:

        (A) the jury returns a general verdict;

        (B) the court awards only costs or a sum certain; or

        (C) the court denies all relief.

    (2) **The Court's approval required.** Subject to Rule 54(b), the Court must promptly approve the form of judgment, which the Clerk must promptly enter, when:

        (A) The jury returns a special verdict or a general verdict with answers to written questions; or

        (B) The Court grants other relief not described in this subdivision (b).

In sum, Federal Rule of Civil Procedure 58 requires the Court to "promptly" enter a judgment in the circumstances found in the instant case.

The Court should enter a judgment despite any pending motions, such as motions for judgment as a matter of law. *See, e.g., Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, 2010 WL 2179024 (M.D. Fla. 2010). In *Hako-Med*, this Court noted that "[i]f the Court were to have delayed entry of judgment until the resolution of defendants' post-trial motions, such conduct would have constituted an abuse of this Court's discretion." *Hako-Med, supra at \*4*. Thus, the fact that Defendants may file post-trial motions does not provide any basis for delaying entry of a judgment.

2

## Discussion

Under Fed. R. Civ. P. 58(b) law, the Court has an obligation to enter a judgment "promptly" after a jury renders its verdict. Though "promptly" is undefined, in the interest of judicial economy, courts frequently enter judgment no later than the day after a jury renders a verdict. Though a court has discretion as to when judgment can be entered, the court's exercise of that discretion must be balanced with fairness to the parties. *See Kiphart v. Saturn Corp.*, 251 F.3d 573, 587 (6th Cir. 2001). "[T]he Court's decision to enter judgment in favor of Plaintiffs despite Defendant's post-trial motions was procedurally proper and supported by "the policy underlying the prompt entry of judgment." *Kiphart v. Saturn Corp.,* 251 F.3d 573, 587 (6th Cir. 2001)"and generally *Hako-Med USA,* at *11.

The delay of the entry of a judgment in this matter is unfair to the prevailing Plaintiff. Plaintiff filed this action July 28, 2021 and has endured nearly three years of grueling litigation for this verdict and should get a resolution sooner rather than later. Plaintiff, therefore, would ask that this Court direct the Clerk to enter a judgment on the jury verdict that is attached hereto as ***Exhibit "A."***

## CERTIFICATE OF GOOD FAITH CONFERENCE, PER LOCAL RULE 3.01(g)(3)

I hereby certify that on June 26, 2024, and pursuant to Local Rule 3.01(g) that I presented the foregoing Motion to counsel for Defendants SoFi, Resurgent, and

LVNV. Counsel for Defendants Resurgent and LVNV oppose the relief requested herein. Plaintiff's counsel has not received a response from Defendant SoFi, but expects an objection based on the Defendants' Joint Motion to Stay Entry of Judgment [Doc. 196]. This 3.01(g) will be updated upon receipt of a response.

Respectfully submitted this 27th of June, 2024.

/s/ Austin Griffin
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 27, 2024, I electronically filed the foregoing with Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Austin Griffin, Esq.
**Austin Griffin, Esquire.**