UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,
    Plaintiff,

CASE NO.: 3:21-cv-741-TJC-JBT

vs.

RESURGENT CAPITAL
SERVICES L.P. SOFI LENDING CORP.,
LVNV FUNDING, LLC,
    Defendants.
_____/

# PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY AND MEMORANDUM OF LAW

Plaintiff, Bruce Scudder, by and through undersigned attorneys hereby responds <u>in opposition</u> to Defendants Resurgent Capital Services, L.P.'s, SOFI Lending Corp.'s, and LVNV Funding, LLC's Motion to Stay Entry of Judgment [Doc. 196] and states as follows:

## Background and Procedural Posture

1. The parties completed a week-long trial on June 18, 2024 with a jury verdict in favor of Plaintiff. [Doc. 189]. Judgment has yet to be entered as to this verdict.

2. On June 19, 2024, the Defendants *supra* filed a Motion to Stay Entry of Judgment based on the argument that they plan on filing post-trial motions regarding the jury verdict and previous Defendant settlements in

1

this case, determining whether the Plaintiff is the prevailing party and whether the "one satisfaction rule" applies in this case.

3. Neither the motions regarding the prevailing party nor the "one satisfaction rule" have been filed by the Defendants.

4. Plaintiff opposes the stay as unnecessary and prejudicial to the finality of a case that has lasted years.

**Memorandum of Law and Argument**

Defendant has not met the requirements for a Stay of Entry of Judgment. Generally speaking, Fed. R. Civ. P. 58(b)(1) requires that a judgment be entered "promptly" following a jury verdict. *See Fed. R. Civ. P. 58(d)* ("Subject to Rule 54(b) and unless the Court orders otherwise, the clerk must, without awaiting the Court's direction, promptly prepare, sign and enter the judgment when . . . the jury returns a general verdict"). The Court has not issued an Order delaying entry of judgment in this case.

The Court should enter a judgment despite any pending motions, such as motions for judgment as a matter of law. *See, e.g., Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, 2010 WL 2179024 (M.D. Fla. 2010). In *Hako-Med*, this Court noted that "[i]f the Court were to have delayed entry of judgment until the resolution of defendants' post-trial motions, such conduct would have constituted an abuse of this Court's discretion." *Hako-Med, supra at *4*. Thus, the fact that

Defendants may file post-trial motions does not provide any basis for delaying entry of a judgment.

Further, Defendants' threatened motions will not likely have merit, as they are predicated on inapplicable case law. For instance, Florida Supreme Court has made it clear that in Florida, a compensatory damages award need not underlie a punitive damages award in a case in which the jury has made express findings against a defendant" and in fact, "a jury finding of liability is the equivalent of finding nominal damages and, consequently, the jury may assess punitive damages." *See Ault v. Lohr*, 538 So. 2d 454 (Fla. 1989) *on cert. Lohr v. Florida Department of Corrections, 835 F.2d 1402 (11th Cir. 1988).* This would remove any concern about whether Plaintiff is the prevailing party in a jury trial that he won.

As for the one satisfaction rule, the "Eleventh Circuit has not explicitly ruled on whether the one satisfaction rule applies to FCRA cases." *See Westbrook v. Equifax Information Services, LLC et al.*, 8:23-cv-477-MSS-UAM at *2 (M.D. Fla. March 7, 2024). The U.S. Supreme Court has held that in cases alleging a violation of a federal statute there is no right to offset unless the statute itself or federal common law so provides. *See Texas Instruments Inc. v. Radcliff Material, Inc.* 451 U.S. 630, 638 (1981); *Nw. Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981). The 4th Circuit Court of Appeals has stated that "arguably the 'one satisfaction rule" does not even apply to FCRA claims." *See Sloan v.*

3

*Equifax Information Services, LLC*, 510 F.3d 495, at 501 n.2 (4th Cir. 2007). *Sloane* held that the consumer did not suffer a single, indivisible injury, so it did not decide whether the One Satisfaction Rule applied to FCRA cases.

In the vein of *Sloane*, Plaintiff settled with the credit bureau defendants under 15 U.S.C. §§ 1681e (b) and 1681i(a) which require a different set of duties and create a separate, distinct injury from the claims Plaintiff brought against the furnisher Defendants LVNV, Resurgent, and SoFi Lending pursuant to 15 U.S.C. §1681s-2(b).

There is also no indication that entering a judgment would affect the filing of a motion applying the one satisfaction rule.[1] Defendants have not demonstrated that such a motion would necessarily be preempted by an entered judgment.

## No Judicial Economy

Defendants argue that this requested stay would be in the interest of the parties' and Court's economy of time. It is paradoxical to think that the *delay* of a judgment resulting from three years of federal litigation and a weeklong trial would necessarily result in time savings. This is especially strange, since the Defendants have not actually filed any referenced motions. Plaintiff opposes any open stay of judgment to allow the Defendants further nebulous litigation.

---

[1] Plaintiff expects to oppose any Motion to enforce the one satisfaction rule in this case, as the rule does not apply in this case.

WHEREFORE, Plaintiff, Bruce Scudder, by and through undersigned counsel, hereby **opposes** the Defendants' Joint Motion to Stay Entry of Judgment and requests that the Court deny that Motion in its entirety.

Respectfully submitted this 2nd of July, 2024.

/s/ Austin Griffin
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2024, I electronically filed the foregoing with Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Austin Griffin, Esq.
**Austin Griffin, Esquire.**

5