UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,
    Plaintiff,

CASE NO.: 3:21-cv-741-TJC-JBT

vs.

RESURGENT CAPITAL
SERVICES L.P. SOFI LENDING CORP.,
LVNV FUNDING, LLC,

Defendants.

_____

### PLAINTIFF'S MOTION TO QUASH DEFENDANT SOFI LENDING CORP'S NON-PARTY SUBPOENA DIRECTED TO TRANSUNION WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, Bruce Scudder, by and through undersigned attorneys hereby moves to quash Defendant SOFI Lending Corp.'s, non-party subpoena issued to Trans Union LLC. As grounds for quashing, Plaintiff states:

PROCEDURAL POSTURE

1. On May 6, 2022, Plaintiff filed a Notice of Settlement as to Trans Union, Experian and Equifax. [Doc. 52].

2. Pursuant to the April 4, 2022, Second Amended Case Management and Scheduling Order, [Doc. 49] the Discovery Deadline for this case was August 15, 2022.

3. On July 2, 2024, two years, two months and 28 days after the close of

1

discovery, Defendant SoFi issued a subpoena to Trans Union, LLC that commanded the production of "The Settlement Agreement between Plaintiff, Bruce Scudder and Trans Union, LLC from the above captioned action" on July 5, 2024 at 10:00 AM. *See Subpoena attached as Exhibit A*.

4. As July 4, 2024 was a federal holiday, the subpoena only provided one day for compliance.

## MEMORANDUM OF LAW AND ARGUMENT

5. Defendant's subpoena is a belated attempt to gather discovery of a confidential settlement agreement well over two years outside of the discovery period proscribed by this Court and an attempted run around the proper procedure of a motion brought under FRCP 60(b)(5).

6. As the District Court for the Northern District of Georgia explained in *Circle Group, L.L.C. v. Southeastern Carpenters Regional Council*, 836 F.Supp.2d 1327 (N.D.Ga. 2011), "[t]he majority of jurisdictions, and courts within this Circuit, consider subpoenas issued under Rule 45 to constitute discovery and, thus, are subject to discovery deadlines established by the Court." *Id.* at 1351-52. Therefore, Rule 45 subpoenas cannot be used "as a means to engage in discovery after the discovery deadline has passed." *Id.* at 1352 (quoting *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997)); *and see Garvin v. Transam Trucking, Inc.*, No.

CV422-062, at *2 (S.D. Ga. May 28, 2024).

7. The Court provided Defendant ample time to complete discovery, and Defendant was on notice of the settlement with TransUnion for over three months before the close of discovery. There are no grounds for the Court to reopen discovery for Defendant to complete tasks it failed to complete within the reasonable time frame permitted by the Scheduling Order. *See, e.g., Watkins v. Regions Mortg. Inc.*, 555 Fed.Appx. 922, 924 (11th Cir. 2014) (per curiam) (affirming denial of requests for discovery submitted after expiration of scheduling order deadlines); *Sullivan's Admin. Managers II, LLC v. Guarantee Ins. Co.*, Case No. CV 412-212, 2013 WL 12158619, at *1 (S.D. Ga. Apr. 25, 2013) (denying implicit motion to amend scheduling order occasioned by submission of untimely motion to compel); *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F.Supp.2d 1327, 1352 (N.D.Ga. 2011); *see also* Fed.R.Civ.P. 16(b) (requiring courts to set deadlines for discovery and allowing modification only for good cause). *Taylor v. Pennycuff*, Civil Action 4:19-cv-236, at *8-9 (S.D. Ga. Mar. 28, 2022).

8. Pursuant to Federal Rule of Civil Procedure 45, a court must modify or quash a subpoena if it: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other matter, if no

exception or waiver requires; or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A).

9. A party seeking to quash a subpoena served on a non-party must establish a "personal right or privilege with respect to the subpoenas" to have standing. *Cluck-U-Chicken, Inc. v. Cluck-U Corp.*, No. 8:15-CV-2274-T-MAP, 2017 WL 10275958, at *1 (Jan. 3, 2017) (quoting *Auot-Owners Inc. Co. v. SE Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). *See Sims v. BMW of N. Am. LLC*, 6:22-cv-1685-PGB-EJK, at *2 (M.D. Fla. May 30, 2023). As the document requested is a confidential settlement agreement executed by Plaintiff, he has a personal right or privilege with respect to the material sought by the subpoena.

10. Parties to litigation have standing to challenge subpoenas issued to non-parties when they have some privilege or personal right in the information sought. *United States v. Gordon*, 247 F.R.D. 509, 509 (E.D.N.C. 2007). The settlement between Plaintiff and TransUnion is subject to standard, albeit vital, confidentiality which Defendant SoFi is not a party.

11. Defendant has attempted to subpoena records outside of the discovery deadline, without a reasonable time for Plaintiff to respond, and in disregard of the confidentiality provisions in settlement agreements. Therefore, its subpoena should be quashed.

Applicability to One Recovery (or One Satisfaction) Rule

12. If Defendant is seeking to obtain information regarding previous settlements to argue that the "one recovery" doctrine applies it may properly bring such matters before the Court on a Rule 60(b)(5) motion. *See Garcia v. Equifax Info. Servs.*, 8:22-cv-1987-WFJ-UAM, at *6-7 (M.D. Fla. May 21, 2024), citing to *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008); *see also Westbrook v. Equifax Info. Servs. LLC*, No. 8:23-CV-477-MSS-UAM, 2024 WL 972641, at *1 (M.D. Fla. Mar. 7, 2024).

13. If applicable, the "one recovery" doctrine comes into play <u>once</u> a party has obtained a judgment against a non-settling adverse party. This case has not progressed to that point, in fact, Defendant SoFi filed a Motion to Stay Entry of Judgment [Doc. 196] on June 19, 2024.

14. However, the "one recovery" rule does not apply to claims under the FCRA because the FCRA is a deterrent statute intended to prevent conduct detrimental to a credit-based economy, not a common law tort meant merely to compensate injured plaintiffs. Moreover, the rule would not apply in this case because the Plaintiff has alleged more than a single, indivisible injury. Plaintiff attempted to fix distinct errors, was prevented from fixing those errors in distinct ways, and each of these interactions caused separate and distinct instances of emotional harm, especially in the

interactions that occurred with Defendant SoFi.

15. Whether a claim involves a single, indivisible injury is necessarily a case-specific question, rather than a question that can be answered using a bright-line test. That said, the Fourth Circuit's decision in *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495 (4th Cir. 2007), is instructive. In that case, the court held that the one-satisfaction rule did not apply to the plaintiff's FCRA claim because the claim was not limited to a single, indivisible injury.

WHEREFORE, Plaintiff respectfully requests that this Motion to Quash should be granted.

### CERTIFICATE OF GOOD FAITH CONFERENCE, PURSUANT TO LOCAL RULE 3.01(g)(3)

I hereby certify that on July 8, 2024, and pursuant to Local Rule 3.01(g) that I presented the foregoing Motion to counsel for Defendants SoFi, Resurgent, and LVNV. Counsel for SoFI opposes the relief requested herein. Counsel for Defendants Resurgent and LVNV have not yet responded. As the subpoena demanded production by July 5, 2024, Plaintiff is filing this Motion today and will update the 3.01(g) certification accordingly.

Respectfully submitted this 8th day of July, 2024.

/s/ Max Story, Esq.
MAX STORY, ESQ.

Florida Bar:  0527238  
AUSTIN J. GRIFFIN, ESQ.  
Florida Bar: 0117740  
328 2nd Avenue North, Suite 100  
Jacksonville Beach, FL  32250  
Phone: (904)372-4109  
Fax:  (904) 758-5333  
max@storylawgroup.com  
austin@storylawgroup.com  
lynette@storylawgroup.com  
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2024, I electronically filed the foregoing using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel including Camille Nicodemus, Esq. at cnicodemus@qslwm.com for Trans Union LLC either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

<u>/s/ Max Story, Esq.</u>  
**Max Story, Esquire.**

7