**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRUCE SCUDDER,

    Plaintiff,

v.

                                      Case No. 3:21-cv-741-TJC-SJH

SOFI LENDING CORP, LVNV
FUNDING, LLC, and RESURGENT
CAPITAL SERVICES L.P.,

    Defendants.
_____

**O R D E R**

    Plaintiff Bruce Scudder filed this action after a purported identity thief obtained a loan in his name from Defendant SoFi Lending Corp. and the loan remained on his credit reports for years. Doc. 1. He asserted Fair Credit Reporting Act (FCRA) claims against SoFi and three credit bureaus.[1] Id. ¶¶ 66–134. The credit bureaus settled with Scudder before trial. See Docs. 55, 68, 70, 102, 105, 106, 215, 216-1, 216-2. At trial, the jury found that SoFi had negligently violated the FCRA and awarded Scudder $30,000 in actual damages. Doc. 189 at 1, 2. SoFi now moves to reduce the award under the one-

---

[1] Besides the FCRA claims against SoFi and the credit bureaus, Scudder asserted FCRA, Fair Debt Collection Practices Act, and Florida Consumer Collection Practices Act claims against three more entities. Doc. 1 ¶¶ 135–228. Those claims and entities are not relevant to this Order.

satisfaction rule based on Scudder's pretrial settlements with the credit bureaus. Doc. 204 at 7–11. SoFi alternatively renews its motion for judgment as a matter of law, id. at 11–19, or requests a new trial, id. at 19–21. Scudder has responded in opposition and requests a new trial based on the Court's admission of evidence that he assigned power of attorney to the purported identity thief. Doc. 218. SoFi has filed a reply. Doc. 221.

Liability for a negligent violation of the FCRA is limited to actual damages, costs of the action, and attorney's fees. 15 U.S.C. § 1681o(a). Liability for a willful violation of the FCRA includes actual damages or statutory damages, punitive damages, costs of the action, and attorney's fees. Id. § 1681n(a).

The one-satisfaction rule, also known as the double recovery doctrine, "generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1276 (11th Cir. 2008). The rule "is not a right created to protect defendants, but to limit plaintiffs." Id. at 1278. It "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." Id. at 1277.

That a plaintiff may recover only once for a single injury is an "elementary principle of tort law." Id. at 1278. The D.C. Circuit has explained the principle:

2

"For when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, . . . he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages." Kassman v. Am. Univ., 546 F.2d 1029, 1033 (D.C. Cir. 1976) (internal quotation marks and quoted authority omitted). "The office of compensatory damages is to make the plaintiff whole, but certainly not more than whole." Id.

The Eleventh Circuit has not addressed whether the one-satisfaction rule applies to FCRA cases but has held more generally that it applies to federal causes of action.[2] See BUC, 517 F.3d at 1278 & n.7 (applying the rule to a Copyright Act claim and observing "that ample authority supports applying the rule to federal causes of action"; collecting cases). Relying on BUC, the Southern District of Florida and Northern District of Alabama have held that the rule does apply to FCRA cases.[3] See Haston v. Gold Coast Fed. Credit Union, No.

---

[2]The Fourth Circuit has observed in a footnote that the one-satisfaction rule "[a]rguably . . . does not even apply to FCRA claims." Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 502 n.2 (4th Cir. 2007). The Sloane court did not analyze the issue because the plaintiff had shown distinct injuries. Id.

[3]Courts in other circuits have suggested that the one-satisfaction rule does not apply to FCRA cases, but they appear to rely almost exclusively on other district court cases addressing indemnification and contribution rather than one satisfaction. See, e.g., Hoerchler v. Equifax Info. Servs., LLC, 568 F. Supp. 3d 931, 936–37 (N.D. Ill. 2021); Cheetham v. Specialized Loan Servicing LLC, No. 2:20-cv-762, 2021 WL 2137823, at *2 (W.D. Wash. May 26, 2021); Zook v. Equifax Info. Servs., LLC, No. 3:17-cv-2003, 2018 WL 10604347, at *2 (D. Or. July 2, 2018); Contreras v. Kohl's Department Stores, Inc., No. 16-2678, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017). However, the District of Oregon also reasoned that the FCRA's provision for statutory damages "is directly

22-cv-80004, 2022 WL 17477531, at *2 (S.D. Fla. Nov. 8, 2022); Younger v. Experian Info. Sols., Inc., No. 2:15-cv-952, 2018 WL 11271518, at *1–2 (N.D. Ala. Mar. 30, 2018); Williams v. LVNV Funding, LLC, No. 4:15-cv-2219, 2017 WL 1331014, at *1–2 (N.D. Ala. Apr. 11, 2017).

The Court need not decide whether the rule applies to FCRA cases. Even if the rule applies generally to FCRA cases, it could not apply here. Scudder's settlement agreements with the credit bureaus include lump-sum payments. See Docs. 215, 216-1, 216-2. Besides actual damages, the credit bureaus' risk exposure included attorneys' fees, costs, statutory damages, and punitive damages. See 15 U.S.C. §§ 1681n(a), 1681o(a). Presumably the settlement payments account for the total risk exposure. Moreover, Scudder represents that "a significant portion" of the payments includes attorneys' fees. Doc. 218 at 22. Although SoFi persuasively argues that Scudder suffered only one injury—and the settlement payments total more than the jury award against SoFi—the Court cannot say what portion of each settlement payment accounts for actual damages. Without that information—or a substantial enough gap between the total settlement amounts and the jury award to alleviate any doubt that Scudder has been fully compensated for his actual damages—the Court cannot reduce the award under the one-satisfaction rule.

---

contrary to [the rationale] underlying the double recovery doctrine." Zook, 2018 WL 10604347, at *2 (internal quotation marks and quoted authority omitted).

Regarding the parties' cross-motions for a new trial and SoFi's renewed motion for judgment as a matter of law, the parties provide no persuasive basis for the Court to revisit its earlier rulings. Those motions are denied.

Accordingly, it is hereby

**ORDERED:**

1. Defendant SoFi Lending Corp.'s post-trial motion, Doc. 204, is **DENIED**.

2. Plaintiff Bruce Scudder's motion for a new trial, Doc. 218 at 28–30, is **DENIED**.

3. The clerk is **DIRECTED** to withhold entry of judgment according to the jury verdict, Doc. 189, and administratively close the file pending resolution of any motion for attorneys' fees. The Court will delay the deadline for filing a motion for attorneys' fees until **October 18, 2024,** to give the parties an opportunity to resolve attorneys' fees (or the entire case).

4. The cross-motions for stay of entry of judgment, Doc. 196, and for entry of judgment, Doc. 197, are **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, the 16th day of September, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

vng

Copies to:

Counsel of record