## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BRUCE SCUDDER,

      Plaintiff,

                              Case No. 3:21-cv-741-TJC-SJH

v.

SOFI LENDING CORP., LVNV
FUNDING, LLC, and RESURGENT
CAPITAL SERVICES L.P.,

      Defendants.

_____

## O R D E R

      This case is before the Court on Defendant SoFi Lending Corp.'s Motion for Reconsideration. Doc. 223. SoFi argues that the Court's decision not to apply the one-satisfaction rule in this case was incorrect because the Court misapplied the Eleventh Circuit's holding in <u>BUC International Corp. v. International Yacht Council Limited</u>, 517 F.3d 1271 (11th Cir. 2008), and incorrectly assessed the bases of Plaintiff Bruce Scudder's settlement agreements with three credit bureaus. <u>Id.</u>

      "Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice." <u>De Ford v. Koutoulas</u>, 2023 WL 3584077, at *3 (M.D. Fla. May 22, 2023). SoFi

has shown none of these circumstances. The Court will not reanalyze the applicability of the one-satisfaction rule but will briefly address SoFi's arguments.

SoFi argues that under BUC, SoFi is "entitled to a reduction in the judgment against it by the amounts received by [Scudder] in settlement of claims for the same injury." Doc. 223 at 6 (quoting 517 F.3d at 1278) (cleaned up). BUC did not hold that the total settlement amount is necessarily the amount by which a jury award is reduced under the one-satisfaction rule. Instead, BUC held that the specific defendants involved in BUC were entitled to such a reduction. See 517 F.3d at 1278. The settlement agreements in BUC were materially different from the settlement agreements here, as explained below. And whether BUC even applies to this FCRA case is unclear. But even if it does, it does not compel the application of the one-satisfaction rule in this case.

SoFi asserts that BUC "involved lump sum payments of $290,000 and $500,000 and the Eleventh Circuit did not have the terms of the settlement agreements" and cites documents purportedly showing that only the amounts of the settlements—not the agreements themselves—were disclosed to the court. Doc. 223 at 5 n.1 (citing Docs. 1190, 1262, and 1264 from the BUC district court docket). But the settlement agreements were in the record. See BUC Int'l Corp. v. Int'l Yacht Council Ltd., No. 0:02-cv-60772 (S.D. Fla.), at Doc. 1204. In

BUC, the settlement agreements contained lump sums but specifically provided that each party would pay its own costs and attorneys' fees. Id. at Ex. 1 ¶¶ 1, 4; Ex. 2 ¶¶ 1, 4. Here, the settlement agreements contain lump sums, and Scudder asserts that the payments included attorneys' fees. See Docs. 215, 216-1, 216-2, 218 at 22. The settlement agreements in both cases contain releases, see Doc. 1204, Exs. 1 & 2, in 0:02-cv-60772; Docs. 215, 216-1, 216-2 in 3:21-cv-741, but the Eleventh Circuit did not analyze the risk exposure relevant to the releases in BUC. See generally 517 F.3d 1271. The differences in the settlement agreements warrant a difference in outcomes.[1]

SoFi also quotes BUC for the proposition that once SoFi showed that Scudder had settled a claim, the burden shifted to Scudder to prove what amount of the settlement was not attributable to the claim. Doc. 223 at 7. But BUC did not so hold. The language SoFi relies on is BUC's own footnote quotation of a case from the Third Circuit, presented not to establish any party's burden of proof but to support the proposition that "ample authority supports applying the [one-satisfaction] rule to federal causes of action." 517 F.3d at 1278 n.7. And even if the Court applied the burden BUC quotes from the Third Circuit, the burden is only this: the plaintiff must "prove that, under the terms

---

[1]SoFi argues that "[a]ttorneys' fees, statutory damages, costs, and other damages . . . all relate to the same injury and, thus, should not be segregated from amounts received for 'actual damages[.]'" Doc. 223 at 2. SoFi cites no binding authority, and compensation for "related" damages is not the same as compensation for actual damages.

of its agreement with the settling defendant, the settlement or part thereof did not represent damages arising under the same theory of liability as those forming the basis for the jury award." Id. (quoting Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 425, 436 (3d Cir. 1993)). Here, Scudder has proved that under the terms of his agreements, part of his settlements accounted for consideration in exchange for releases of liability. See Docs. 215, 216-1, 216-2. He also represents that the agreements included attorneys' fees.[2] Doc. 218 at 22.

SoFi also argues that the Court should not have presumed that the credit bureaus' risk exposure factored into the settlement agreements or that punitive damages were possible. Doc. 223 at 8–9. SoFi is correct that Scudder did not request punitive damages in the Complaint, see Doc. 1 ¶¶ 82, 98, 115, and that the deadline to amend the Complaint passed before the settlement agreements were signed, see Docs. 40, 215, 216-1, 216-2. But the Court does not know the contents of the settlement discussions, including whether extensions were considered, and moreover, the settlement agreements release the credit bureaus from liability for all potential claims, not just claims brought.[3] Doc. 215 ¶ 1; Doc. 216-1 ¶¶ A, B; Doc. 216-2 ¶ 3.

---

[2] Considering Federal Rule of Civil Procedure 11, the Court accepts Scudder's representation that the settlement agreements included attorneys' fees. An affidavit including specific amounts would have been a better submission.

[3] SoFi argues that the settlement agreements do not reflect that the

4

As a final note, the Court did not hold that the one-satisfaction rule "could not apply" in cases involving settlement agreements with lump sum payments, as SoFi asserts. Compare Doc. 222 (order), with Doc. 223 (motion). The Court held that the one-satisfaction rule cannot apply under the facts of this case. Doc. 222 at 4. The lump sum payment here accounted for more than just actual damages, and the total payments were not sufficiently greater than the jury award for the Court to presume that Scudder's actual damages had already been compensated. See id.

Accordingly, it is hereby

**ORDERED:**

Defendant SoFi Lending Corp.'s Motion for Reconsideration, Doc. 223, is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, the 16th day of October, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

---

payments account for total risk exposure because two of the agreements do not refer to punitive or statutory damages. Doc. 223 at 9. But the agreements release the credit bureaus from liability for "any and all" claims. See Doc. 215 ¶ 1, Doc. 216-1 ¶ A; Doc. 216-2 ¶ 3. "Any and all" includes punitive and statutory damages, even if not specifically mentioned.

vng

Copies to:

Counsel of record