UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRUCE SCUDDER,

    Plaintiff,

                                 Case No. 3:21-cv-741-TJC-SJH

v.

SOFI LENDING CORP, LVNV
FUNDING, LLC, and RESURGENT
CAPITAL SERVICES L.P.,

    Defendants.

---

## O R D E R

Plaintiff Bruce Scudder went to trial against three Defendants under three consumer protection statutes. A jury found each Defendant violated at least one statute, but when it came to awarding damages, the jury's verdict was not straightforward, making the award of attorney's fees more difficult.

Scudder sued all three Defendants, SoFi Lending Corp, LVNV Funding, LLC, and Resurgent Capital Services L.P., under the Fair Credit Reporting Act, and the jury found all three defendants were negligent. See (Doc. 189). It awarded Scudder $30,000.00 in actual damages on the FCRA claim against SoFi, but did not award actual damages against LVNV or Resurgent, and did not award any punitive damages. Id. Scudder sued LVNV and Resurgent under the Fair Debt Collection Practices Act and Florida Consumer Collections

Case 3:21-cv-00741-TJC-SJH   Document 258   Filed 09/30/25   Page 2 of 17 PageID
7379

Practices Act. <u>See</u> (Doc. 1). With respect to the FDCPA, the jury found LVNV

and Resurgent violated the statute, but did not award any damages. (Doc. 189).

With respect to the FCCPA, the jury found that LVNV and Resurgent violated

the statute, did not award Scudder any actual damages, but did award

$30,000.00 in punitive damages ($15,000.00 each against LVNV and

Resurgent). Possible awards under all three claims could have included

statutory damages, but Scudder elected to waive any claim for statutory

damages. <u>See</u> <u>id.</u>, (Doc. 184 at 22–31.)[1]

Scudder requests an award of fees under the fee-shifting provisions of the

FCRA, FDCPA, and the FCCPA, arguing the award of fees is proper because he

prevailed on every claim he pressed at trial. Scudder is seeking $465,257.00 in

attorney's fees (Doc. 229), and $33,195.10[2] in costs (Doc. 228).

Defendants oppose Scudder's motions, arguing both over the entitlement

to attorney's fees and amount of the fees and costs. (Docs. 249, 251). LVNV and

Resurgent argue that Scudder cannot recover fees from them under any of the

statutes. (Doc. 249 at 6–14). SoFi argues Scudder is not entitled to fees because

it is actually the prevailing party under the one-satisfaction rule. (Doc. 251 at

---

[1] The Court uses the CM/ECF pagination when referring to the filings rather than the document pagination.

[2] This is the amount on the Bill of Costs. (Doc. 228-1). The itemized amount is $100 more, for a total of $33,295.10. (Doc. 228-2).

3–4). If the Court disagrees, SoFi argues that the Court should reduce the requested fees for various reasons. Id. at 4–23.

## I.      ENTITLEMENT TO FEES

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 602 (2001). Under this "American Rule," a court may not award attorney's fees to a prevailing party "absent explicit statutory authority." Id. (quoting Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994)).

To qualify as a "prevailing party," a litigant must obtain some sort of judicially sanctioned relief that materially alters the relationship between the parties. Tejero v. Portfolio Recovery Assocs., L.L.C., 993 F.3d 393, 397 (5th Cir. 2021) (citing Buckhannon, 532 U.S. at 604–05). The party seeking a post-judgment award of attorney's fees bears the burden of establishing entitlement to them. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

The FCRA, FDCPA, and FCCPA each authorize an award of reasonable attorney's fees. See 15 U.S.C. §§ 1681o, 1682k(a)(3), and FLA. STAT. § 559.77(2). However, there are variations. The Court takes each in turn.

3

### A.   FCRA

The award of attorney's fees based on a negligent FCRA violation is covered in § 1681$o$[3], which states in part:

(a)  In general

Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

> (1) any actual damages sustained by the consumer as a result of the failure; and

> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681$o$.

Attorney's fees are available only in the case of a "successful action to enforce any liability under this section." Nagle v. Experian Info. Sols., Inc., 297 F.3d 1305, 1306 (11th Cir. 2002). In Nagle, the Eleventh Circuit explained that a plaintiff who won a jury verdict on liability, but failed to obtain any actual or punitive damages, was not "successful" in enforcing "any liability under this section." Id.

Here, the jury found all three defendants negligently violated the FCRA

---

[3] Scudder bases his FCRA entitlement argument on 15 U.S.C. § 1681n, but this provision is for "civil liability for willful noncompliance." The jury only found that the defendants' violations were negligent, not willful. Thus, the Court's analysis is under § 1681$o$: civil liability for negligent noncompliance.

4

but awarded Scudder damages only against SoFi. Accordingly, because there was a successful action to enforce liability only as to SoFi, Scudder is entitled to attorney's fees only as to SoFi. In addition to other objections, SoFi requested fees be apportioned among all defendants, but that is counter to the logic and holding of Nagle. See (Doc. 251 at 22–23). Because the Court has already rejected SoFi's argument based on the one-satisfaction rule, it need not address it here. See (Docs. 222, 225).

**B.    FDCPA**

Like the FCRA, the FDCPA authorizes an award to any "successful" plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). However, a plaintiff must be awarded actual or statutory damages to be successful. See §§ 1692k(a)(1)–(a)(2)(A). Even a plaintiff who "wins a nominal amount of statutory damages" is entitled to fees under FDCPA's fee-shifting provision. Thornton v. Wolpoff & Abramson, L.L.P., 312 F. App'x 161, 164 (11th Cir. 2008) (per curiam) (citing Nagle, 297 F.3d at 1307). "The difference between zero dollars and one dollar is the difference between an unsuccessful action and a successful action." Id.

The jury found that LVNV and Resurgent violated the FDCPA, but it did not award actual damages, and Scudder waived his right to statutory damages. Therefore, Scudder was not a "successful" plaintiff entitled to an award of attorney's fees under the FDCPA.

5

## C.   FCCPA

The civil remedies provision of the FCCPA states in relevant part:

Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000. The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part.

FLA. STAT. § 559.77(2) (emphasis added).

The jury did not award Scudder any actual or statutory damages (Scudder waived statutory damages) on the FCCPA violations but awarded him punitive damages. LVNV and Resurgent argue the only reasonable interpretation of § 559.77(2) is that a plaintiff is entitled to fees and costs only if he is awarded actual and/or statutory damages, and a punitive damages award alone does not suffice. (Doc. 249 at 10–11). Scudder disagrees.

Without controlling precedent, the Court agrees with LVNV and Resurgent. The "together with" language of § 559.77(2) conditions entitlement

6

to fees and costs on an award of either actual or statutory damages. Punitive
damages are addressed separately with no reference to attorney's fees. Though
not directly on point, Florida courts and courts in this district have noted that
under the FCCPA, "upon a decision in favor of the debtor the defendant shall
be liable for the debtor's actual damages <u>or</u> [the statutorily designated
maximum], whichever is greater, <u>together with</u> attorneys fees and costs." <u>Peters
v. Collision Clinics Int'l Inc.</u>, 404 So. 2d 116, 117 (Fla. 4th DCA 1981) (emphasis
added); <u>see also</u> <u>Gause v. Med. Bus. Consultants, Inc</u>., 424 F. Supp. 3d 1175,
1188 (M.D. Fla. 2019) ("Available remedies under the FCCPA . . . include actual
damages, statutory damages up to $1,000 subject to the Court's discretion, and
reasonable costs and attorney's fees."). In <u>O'Driscoll v. Arbor Grove Condo.
Ass'n, Inc.</u>, No. 8:22-cv-1984-VMC-LSG, 2024 WL 4664363 at *2 (M.D. Fla. Nov.
4, 2024), both defendants, Resource Property Management and Arbor Grove
Condominium Association, Inc., stipulated that they violated the FCCPA. <u>Id.</u>
The jury's verdict awarded plaintiff $1,000 against RPM for the FCCPA
violation, but zero dollars in statutory and actual damages as to Arbor Grove.
<u>Id.</u> Accordingly, the court determined the plaintiff was entitled to attorney's
fees and costs as a prevailing party against RPM, but was not a prevailing party
to claims against Arbor Grove, and therefore not entitled to an award of fees
nor costs against Arbor Grove. <u>Id.</u> at *3–4.

It may seem anomalous that the jury's award of punitive damages does not trigger an award of fees. However, it was Scudder's decision to waive any claim to statutory damages. This, combined with the jury's decision not to award actual damages, disallows Scudder's entitlement to fees under the FCCPA. The jury's unusual decision to award punitive damages unpaired with any actual damages gives the Court pause, but ultimately the Court must apply the statute as written. See Nagle, 297 F.3d at 1306–07.

Thus, Scudder is entitled to attorney's fees against SoFi for negligent violation of the FCRA. Scudder is not entitled to fees as to LVNV or Resurgent for violations of the FCRA, FDCPA, or FCCPA.

## II.   ANALYSIS OF ATTORNEY'S FEES REQUEST

Scudder argues his request for attorney's fees is justified by the results in the case and represents reasonable rates and hours. See generally (Docs. 229, 256, 257). SoFi has multiple arguments to the contrary. See generally (Doc. 251).

In deciding the amount of fees to be awarded, the Court notes some "big picture" points that factor into its decision. Scudder requested millions in damages, made a strategic decision to waive any claim for statutory damages, and was awarded only $60,000.00 ($30,000.00 against SoFi). For attorney's fees purposes, Scudder only prevailed against SoFi and not the other two defendants. Scudder had the services of four attorneys for trial and trial

8

support. Even though his two experienced Jacksonville-based attorneys routinely handle consumer credit cases, he also retained services of two attorneys from out of state. On the other hand, SoFi (and the other defendants) litigated the case to the hilt, all the way through trial and post-trial, causing Scudder to respond in kind, thereby increasing Scudder's fees.

In evaluating whether the fees requested are reasonable, the Court begins by considering the reasonable hourly rate multiplied by "the number of hours reasonably expended on the litigation," the product of which is the "lodestar" reasonable sum the party may recover. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

## A.    Rates Charged

In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he relevant legal community" is generally the place where the case is filed. ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999).

In determining if the requested rate is reasonable, the court may consider the applicable Johnson factors, [4] and may rely on its own knowledge and

---

[4] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal

experience. <u>Norman</u>, 836 F.2d at 1299–1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citations omitted)); <u>see</u> <u>In re Blue Cross Blue Shield Antitrust Litig. MDL 2406</u>, 85 F.4th 1070, 1100 (11th Cir. 2023) (citing use of <u>Johnson </u>factors).

Scudder seeks recovery of $465,257.00 for attorney's fees. The breakdown is as follows:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Max Story | $555 | 318.1 | $176,157.00[5] |
| Austin Griffin | $400 | 253.25 | $101,300.00 |
| Scott Borison | $800 | 58.2 | $ 46,560.00 |
| Duran Keller | $600 | 235.4 | $141,240.00 |

Story and Griffin are in Jacksonville, while Borison and Keller are based outside Florida. Each attorney has detailed their experience and Scudder has

---

services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717–19 (5th Cir. 1974) <u>overruled on other grounds</u> by <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 90 (1989).

[5] Story's rate multiplied by hours would be $176,545.50. The motion seeks $176,157.00 in attorney's fees for Story, and the Court has used that amount.

submitted affidavits to support the reasonableness of the rates. See generally

(Doc. 229). Scudder argues out of state counsel was necessary because the

number of attorneys in this district available for this type of case is limited. Id.

at 12. This assertion, however, is contradicted by the evidence Story and Griffin

provide as to their own qualifications, and because they did the most work on

the case (66% of the hours identified were billed by Story or Griffin). Also, based

on the Court's own experience, Story and Griffin were fully capable of trying

the case.

Defendants contest all the rates as unwarranted by the attorneys'

experience and out of line with the Jacksonville legal market. For Story, SoFi

argues a reasonable rate would be $350. (Doc. 251 at 11). Story is an

experienced and qualified attorney, who has been practicing law since 2001,

and, for more than twenty years, his practice "has concentrated exclusively on

representing the interests of consumers in cases arising from, inter alia,

violations of multifarious consumer protection statutes . . . ." (Doc. 229-4). As

such, and without setting a precedent for any other matters, the Court finds

Story's significant experience in the field adequately supports his requested

hourly rate of $555.[6] See Norman, 836 F.2d at 1303.

---

[6] Scudder argues SoFi's counsel charges $625 per hour despite being
generally less experienced (because she started practicing law in 2009). See
(Doc. 256 at 1).

Case 3:21-cv-00741-TJC-SJH   Document 258   Filed 09/30/25   Page 12 of 17 PageID
7389

Griffin's proposed rate is $400 per hour, and SoFi argues it should be $300. (Doc. 251 at 11). Griffin has been practicing law since 2015, "specializing in consumer credit, consumer collection practices, and landlord-tenant law . . . ." (Doc. 229-6). Similarly, the Court finds Griffin's rate of $400 per hour is reasonable for his experience and in the local market.

Borison's requested hourly rate is $800 and Keller's is $600. (Docs. 229-1, 229-2). Borison has practiced law for more than thirty years, and Keller has practiced for more than ten years. Both have submitted information about their qualifications and experience. Even so, Scudder has not provided a basis to conclude out of state counsel was necessary. The Court will therefore apply the same rate to their time as Story's and Griffin's—$555 per hour for Borison and $400 per hour for Keller.

Using the revised hourly rates, the updated lodestar amount is $404,306.50, based on the following:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Max Story | $555 | 318.1 | $176,545.50 |
| Austin Griffin | $400 | 253.25 | $101,300.00 |
| Scott Borison | $555 | 58.2 | $ 32,301.00 |
| Duran Keller | $400 | 235.4 | $ 94,160.00 |

## B.    Hours Expended

Reasonable hours expended are those that are not "'excessive, redundant or otherwise unnecessary'" and that reflect the attorney's exercise of "'billing judgment.'" Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 434, 437).

12

The court may conduct an hour-by-hour analysis to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction. See Bivins, 548 F.3d at 1351. An across-the-board method is often preferable so as to avoid the "pick and shovel work" of pouring through voluminous billing records. Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous . . . an hour-by-hour review is simply impractical and a waste of judicial resources. . . . [I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction.").

The fee records are lengthy and determining how much time any attorney spent on a particular task is difficult. In general, the time entries do not distinguish time spent on a particular claim or involving a particular defendant.[7] That matters here, as Scudder is entitled to fees against one defendant and under one claim but not others. Scudder has pointed out that the hours requested for Borison have been reduced by more than half (over 133 hours expended, reimbursement sought for 58.2). (Doc. 229 at 10). Story and Griffin represent they expended over 700 hours, but only seek reimbursement for 573, and Griffin deleted any time related to credit bureau defendants who were not part of the trial. Id. at 11, 17. SoFi's response disputes the necessity of the hours expended. See generally (Doc. 251). Scudder points out that while

---

[7] This is not necessarily surprising as the defendants essentially conducted a joint defense.

SoFi argued 260 hours that reflected block billing should be disallowed, SoFi did not specifically challenge the necessity of work that was described in those entries.

The Court has reviewed the records and the declarations submitted in support and finds that the hours requested are generally reasonable, but the Court also agrees some entries were inappropriate or excessive. Rather than pick through each and every excessive or redundant charge and determine whether to reduce the charge and by how much, the Court will instead factor the level of excess and redundancy evident in the billing records into its overall determination of the fee award.

## C.    Results Obtained

After calculating the appropriate rate and number of hours worked, "the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000); see Hensley, 461 U.S. at 436 (holding that a fee application based on claims that were "interrelated, nonfrivolous, and raised in good faith" may still be excessive where the applicant achieved only partial or limited success).

Scudder contends he won on all claims presented because the jury did find violations of each statute. However, the Court has already determined that

14

Scudder is only entitled to fees against SoFi under the FCRA claim based on the jury's $30,000.00 damages award. SoFi argues for a fee reduction to reflect this limited recovery at trial, especially when compared to the millions of dollars sought.[8] Scudder also elected to waive claims to statutory damages under each statute. The Court views the results as only a partial success for Scudder, and the final fee award will reflect this.

### D.    The Court's Award of Attorney's Fees

To recap, Scudder seeks recovery of $465,257.00 in attorney's fees. The Court has determined that reasonable rates for Story and Borison are $555 per hour, and $400 per hour for Griffin and Keller. Therefore, if the Court were to award every hour requested by Scudder at the rate determined by the Court, the total fee award would be $404,306.50.

The Court finds that an across-the-board reduction of 55% appropriately accounts for all the factors the Court has considered in this Order. This mirrors what the Court would have awarded if SoFi had been the only defendant and the jury had only awarded damages on the FCRA claim. The Court will therefore award $181,938.00 in fees.

---

[8] Scudder asked the jury to award more than twenty-five million dollars. See (Doc. 251 at 1, Doc. 249 at 24).

## III.   AWARD OF COSTS

As to costs, Scudder has provided an itemized list of costs (attached to this Order), and the Court has reviewed them to see which are awardable. Without engaging in protracted (and unnecessary) analysis, the Court determines that items 1–16 on the list are awardable and items 17-33 are not. However, items 1 and 6–8 are all for the same job (with varying amounts), and items 15 and 16 are also duplicates (but for different amounts), so the Court has allowed the highest charge in each group and deducted the others. The Court will therefore enter a cost judgment against all defendants, jointly and severally, in the amount of $12,144.80.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion of an Award of Attorney's Fees/Expenses, Doc. 229, is **GRANTED in part** and **DENIED in part** as stated herein. The award for attorney's fees against SoFi is $181,938.00.

2. The Motion for Award of Costs, Doc. 228, is **GRANTED in part** and **DENIED in part** as stated herein. The costs award is $12,144.80, jointly and severally, as to all defendants.

3. The Court will enter a separate final judgment reflecting the attorney's fees and costs awards.

16

**DONE AND ORDERED** in Jacksonville, Florida, the 30th day of September, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

17